# Postal Telegraph Cable Co. *v.* Hulsey.

*Action Against Telegraph Company by an Employé to Recover Damages for Personal Injuries.*

1. *Master and servant; liability under Employer's Liability Act; sufficiency of complaint.*—In an action brought by an employé against his employer to recover damages for personal injuries, where a count of the complaint, after alleging that, in obedience to particular in-

[Postal Telegraph Cable Co. v. Hulsey.]

structions of a fellow servant, to whom the defendant had delegated the authority to give such instructions, the plaintiff commenced, in the line of his employment, to chop upon a tree upon which another tree had lodged, and while chopping thereon for the purpose of felling it, the tree which had lodged fell upon him, inflicting the injuries complained of, then avers that his said fellow servant was negligent in that, knowing the position of the lodged tree and plaintiff and the surrounding circumstances, he negligently failed to inform plaintiff when it became unsafe for him to further chop on said tree, and by reason of such failure plaintiff's injuries were inflicted, there is not stated in such count a substantial cause of action, either under the Employer's Liability Act, (Code of 1886, § 2590), or at common law.

2.  *Contributory negligence*; *insufficient plea*.—A plea setting up the defense of contributory negligence, which does not aver the facts constituting the alleged contributory negligence is insufficient and subject to demurrer.

3.  *Action for personal injury*; *savings by plaintiff out of his wages immaterial*.—In an action by an employé against his employer to recover damages for personal injuries alleged to have been caused by negligence for which defendant was liable, it is not material whether plaintiff saved anything out of the wages paid him by defendant or not; and evidence as to such saving is irrelevant and inadmissible.

4.  *Same*; *interest of witness in result of suit*; *evidence thereof admissible*.—In an action by an employé against his employer to recover damages for personal injuries alleged to have been caused by the negligence of a fellow servant under such circumstances as to render defendant liable, after said fellow servant, as a witness for defendant, had testified favorably for defendant, it is competent to ask him, on cross-examination, if his continued employment by defendant depended upon the success of defendant in the suit; and after having stated in the answer to such question that he felt a deep interest in the case, it is competent for defendant, on re-direct examination, to ask him what was the reason for the interest felt in the case.

5.  *Appeal*; *presumption when bill of exceptions fails to recite that it contains all the evidence*.—When on appeal the bill of exceptions fails to recite that it contains all the evidence, the appellate court will presume any state of evidence which would sustain the giving or refusal of an instruction to the jury by the trial court.

6.  *Trial and its incidents*; *exceptions to remarks of court on withdrawing a charge previously given*.—Where the trial court, after having given at the request of one of the parties to the suit an erroneous charge, subsequently withdraws such charge from the jury, stating what the charge was and that he wished to withdraw it and giving his reasons for refusing it, and then proceeds to announce certain propositions as the law governing the case, a general exception to all the court said at that time, specifying no particular portion, is unavailing on appeal, although there may have been error in some parts of the

entire instruction, since the remarks as to his withdrawing the erroneous charge were proper.

7. *Action for negligence; charge to the jury.*—In an action by an employé against his employer to recover damages for personal injuries received by a tree falling on him while, in obedience to the orders of defendant's superintendent of the works, he was cutting down another tree upon which the tree that fell had lodged, which injuries were alleged to have been caused by the negligence of said superintendent in giving such orders, and in not properly watching the cutting so as to give the plaintiff warning when it became dangerous to cut longer on said tree, and the evidence for defendant was that there was a safe way for plaintiff to have run from the falling tree and that the said superintendent halloed to him when the tree began to fall, and the plaintiff ran in the most dangerous direction, charges which instruct the jury that if they believe from the evidence the plaintiff could have taken a safe course, but that he ran in the most dangerous direction, he is not entitled to recover, or that it was plaintiff's duty to run in a safe direction, if there was a safe direction, or that if plaintiff could, by taking one or more directions, have escaped, but failed to do so, and took a direction fraught with danger, and was thereby hurt, he is not entitled to recover, are properly refused; such charges making it the absolute duty of plaintiff to have run in a safe direction, if there was one, without regard to the circumstances under which he was called upon to act, and whether he acted as a reasonably prudent man would or might have acted under such circumstances.

8. *Same; same.*—In such case a charge which instructs the jury that if the plaintiff received notice by the creaking of the tree that it was about to fall at the same time that the superintendent received such notice, and if plaintiff, acting on the notice so received by him immediately started to run and was hurt, then it can not be said that his failure to receive notice from the superintendent to run conduced proximately to his injury, and the plaintiff can not recover, is properly refused, since it pretermits all inquiry as to whether the superintendent was negligent in not sooner discovering plaintiff's danger.

9. *Same; same; assuming the risk of employment.*—In such an action, a charge which instructs the jury that if "the cutting of the tree was a part of the duties of the plaintiff, and such cutting was, in itself, dangerous or might probably result in injury to him, and the plaintiff took upon himself this danger, and he was injured by the falling of the tree, then he would not be entitled to recover," while, abstractly considered, it may exclude all negligence of any character on the part of the defendant as causing the injury, and, therefore, asserts a correct proposition of law, such charge was so general on the point involved that it was liable to mislead the jury, and for this reason was properly refused.

10. *Same; same; same.*—In such case, a charge which instructs the jury that if the cutting of the tree was a part of the duty of the plaintiff, and might result in injury to him, and he undertook to aid

[Postal Telegraph Cable Co. v. Hulsey.]

in felling the tree upon the promise of defendant's foreman that he would warn him when to leave the tree, and plaintiff saw that said foreman was conversing, and not watching, and plaintiff, with such knowledge, continued the dangerous work, not relying on this promise, and took the risk on himself, then the jury should find for defendant, is so general in its application as to be misleading, and, therefore, properly refused, even though, abstractly considered, it may exclude all negligence of any character on the part of the defendant as causing the injury, and hence asserts a correct proposition of law.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

Robert T. Hulsey sued the Postal Telegraph Cable Company to recover damages for personal injuries suffered by him while in the employ of appellant as a "tree chopper" along appellant's right of way. The substance of the several counts of the complaint are sufficiently stated in the opinion. To the complaint the defendant interposed the following demurrer: "Comes the defendant and demurs to the complaint in this cause and to each count thereof separately and severally, and sets down and assigns the following grounds of demurrer. 1. Said complaint and each count thereof fails to show or state any facts or circumstance of negligence on the part of defendant or of any one in its employ. 2. Said complaint and each count fails to show any fact or circumstance which would render the defendant liable." This demurrer was overruled, and to this ruling the defendant duly excepted. The defendant pleaded the general issue and the following special pleas: "2. The defendant, for further answer to the complaint and the several counts thereof severally and separately, saith that the plaintiff was guilty of acts of negligence which contributed proximately to his alleged injuries, and is, therefore, not entitled to recover in this action.

"3. The defendant, for further answer to the complaint and to the several counts thereof, severally and separately, saith that the plaintiff accepted a sum certain, to-wit, fifty dollars, the amount of his medical bill, in full settlement of the damages alleged to have been suffered by him." The substance of the 4th plea and the plea unnumbered, setting up the defense of contributory negligence is stated in the opinion. To the second plea the defendant demurred upon the following

grounds: 1st. The negligence of the plaintiff attempted to be set up in said plea is not sufficiently set out therein. 2d. That the facts constituting contributory negligence attempted to be set up in said plea are not stated. This demurrer was sustained. There was demurrer interposed to the 3d and 4th pleas, which was overruled. To the 4th plea the plaintiff filed a general replication and a special replication, the substance of which is stated in the opinion. There was a demurrer to this replication, which was overruled.

Upon the trial of the cause it was shown that the plaintiff, at the time of the accident, was in the employ of the defendant, engaged in cutting down trees along the defendant's telegraph line. In cutting down one of the trees it lodged against another, and the plaintiff was instructed by Cobbs, who was the defendant's superintendent, to cut down the tree against which it was lodged. In obedience to this instruction, the plaintiff, together with another employé, commenced to cut upon the tree, and when the tree, which was lodged, commenced to fall, the plaintiff ran, and the tree fell on him, inflicting the injuries complained thereof. The plaintiff testified that he was paid twenty dollars per month to work for the company. The defendant's counsel then asked the plaintiff the following question: "Did you save anything of that, meaning the twenty dollars per month?" The plaintiff objected to this question upon the ground that it called for immaterial testimony. This objection was sustained, and the defendant duly excepted. This ruling is the basis of the third assignment of error.

Frank A. Cobbs, a witness for the defendant, testified that he was employed by the defendant as foreman or superintendent in overhauling and constructing the defendant's line of telegraph, and at the time of the accident was engaged in cutting down timber along the line; that when one of the trees, which had been cut down, lodged upon another, he instructed the plaintiff, together with another employé, to cut down the tree upon which the other one had lodged, and further instructed the said employés to cut out through the undergrowth a path leading from the tree which was going to be cut down, in the opposite direction from that in which the tree lodged was likely to fall, and he cautioned them to

run in the direction which the path was cut out; that as the lodged tree commenced to fall, he halloed and gave a signal to the plaintiff and the other emyloyé cutting upon the tree, and the plaintiff, instead of running in the direction in which the path had been cut, ran in the opposite direction, and the tree fell on him. This witness further testified that the plaintiff ran in the most dangerous direction he could have gone—directly under the tree as it was falling; and that if he had run in the opposite direction or had remained by the tree upon which he was cutting, he would not have been injured.

Counsel for plaintiff asked the witness, Cobbs, the following question: "I will ask you if your job does not depend upon showing that you are not at fault in this matter?" To this question the defendant objected. The court overruled the objection, and the defendant then and there duly excepted. For answer to this question the witness said: "Perhaps I thought so at that time, but I do not think so now. I do not think the company blames me for this now. They may have blamed me before I made an explanation of the matter, which I did last September." The witness further testified in answer to other questions on cross-examination, as follows: "I have tried to get the plaintiff not to bring suit. I have interested myself in the matter to some extent. I did this to ease my own mind, and the company, too. I do not know that I will have to pay anything if recovery is had. I might have thought so at the time, but I do not think so now. I did keep a watch out and give notice in ample time for Mr. Hulsey to get out of the way. I feel a very deep interest in this case. I am partial to the company, and want it to gain this case. I came here from North Carolina as a witness. My expenses were paid, and I brought John Angel with me." On re-direct examination the witness said: "I came here under the direction of the superintendent." The defendant's counsel then asked the witness the following question: "What are the reasons for your interest now?" To this question the plaintiff's counsel objected, which objection was sustained by the court, and the defendant then and there duly excepted.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following charges, and separately excepted to the court's refusal

to give each of them as asked: (1.) "If the jury find from the evidence that Hulsey could have taken a course free from danger but took the course most dangerous, he is not entitled to recover." (4.) "In the absence of orders from Cobbs as to what direction Hulsey should run, it was the duty of Hulsey to run in the safe direction, if the jury find from the evidence there was a safe way to run." (5.) "If the jury find from the evidence that Hulsey could have taken one or more directions and could thereby have escaped but failed to do so, but took a direction that was fraught with danger, and by so doing was hurt, he is not entitled to recover." (6.) "If the jury believe from the evidence that Hulsey received notice by the screeching of the tree that the tree was about to fall at the same time Cobbs did, and if Hulsey, acting on the notice received by him, immediately started to run and was hurt, then it can not be said that Hulsey's failure to receive notice from Cobbs to run conduced proximately to his injury, and the plaintiff can not recover." (12.) "If the jury believe from the evidence that the cutting of the tree was a part of the duties of the plaintiff, and such cutting of the tree was in itself dangerous, or might probably result in injury to him, and that the plaintiff took upon himself this danger and he was injured by the falling of the tree, then the plaintiff would not be entitled to recover." (13.) "And if the jury believe from the evidence that the cutting of the tree under the circumstances was part of the duty of the plaintiff, and that such cutting of the tree might or would probably result in injury to him, and he undertook to aid in felling the tree upon the promise of defendant's foreman, or superintendent, or boss, that he would watch and warn him when to leave the tree, and plaintiff while engaged in cutting, saw that said foreman, boss or superintendent was engaged in conversation with Dr. Hendon, and was not performing his promise to watch and warn him, and the plaintiff then with knowledge of the failure of said boss or superintendent to comply with his promise, continued the dangerous work of cutting down the tree, not relying on this said promise of said superintendent, and took the risk on himself, then the jury should find a verdict for defendant." The other rulings reviewed on the present appeal are sufficiently shown in the opinion.

[Postal Telegraph Cable Co. v. Hulsey.]

There were verdict and judgment for plaintiff, assessing his damages at $10,000. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JOHN J. ALTMAN, J. M. FALKNER and RAY RUSHTON, for appellant.—1. There was no negligence on the part of the defendant in failing to instruct the plaintiff of the dangers attendant upon the cutting of the tree, and of the danger of running in the direction he did, instead of the opposite direction. Whether there was negligence in failing to give such notice depended upon whether the peril involved was patent or latent.—*Holland v. Tenn. Coal, I. & R. R. Co.*, 91 Ala. 444; Wood's Master & Servant, § 355; *Perry v. Marsh,* 25 Ala. 659; 1 Thompson on Negligence, 951, § 2; 979, § 9; Shear. & Redfield on Negligence, § 203; *L. & N. R. R. Co. v. Boland,* 96 Ala. 632; *L. & N. R. R. Co. v. Orr,* 91 Ala. 548; *Schlaff v. L. & N. R. R. Co.,* 100 Ala. 377; *L. & N. R. R. Co. v. Banks,* 104 Ala. 508; *Chewning v. Ensley Railway Co*, 100 Ala. 493.

2. It is true that the plaintiff was instructed to cut down the tree, but there is no evidence tending to show that the plaintiff was instructed to stand on any particular side of the tree, or that he was instructed to run in the direction in which he had run. And it was not incumbent on the superintendent of the defendant to tell the plaintiff that when the tree began to fall he should run in the direction different from the one in which he did run, since it was apparent to any man of ordinary mind and understanding that he should run in the opposite direction from that in which he ran. According to the undisputed evidence there was a safer way to run, which was apparent to any reasonable mind. Plaintiff's testimony, and the undisputed testimony in the case, shows that plaintiff was guilty of contributory negligence, which contributed proximately to his injury. *Volenti non fit injuria* is a maxim of the law adhered to by an unbroken line of authorities down to the case of *L. & N. R. R. Co. v. Stutts,* 105 Ala. 376; *Birmingham R. & E. Co. v. Allen,* 99 Ala. 359; *Ga. Pac. R. Co. v. Davis,* 92 Ala. 307; *L. & N. R. R. Co. v. Hall,* 87 Ala. 708; *Eureka Co. v. Bass,* 81 Ala. 201; *L. & N. R. R. Co. v. Orr,* 94 Ala. 602; *M. & B. R. R. Co. v. Holborn,* 84 Ala. 137,

[Postal Telegraph Cable Co. v. Hulsey.]

The evidence, however, shows that the plaintiff ran in the most dangerous direction, and is without conflict that he was guilty of contributory negligence in the manner set out in the defendant's pleas.—*L. & N. R. R. Co. v. Orr*, 94 Ala. 602 ; *M. & B. R. R. Co. v. Holborn*, 84 Ala. 137.

LANE & WHITE and JOHN T. SHUGART, *contra*.—Each of the six counts of the complaint set forth a good cause of action against the defendant. The demurrer interposed to the complaint was too general. Neither of the counts was subject to the defects attempted to be pointed out by the demurrer. The demurrer was, therefore, properly overruled.—*Williams v. Bowdin*, 68 Ala. 126 ; *Eads v. Murphy*, 52 Ala. 520 ; *State v. Gardner*, 45 Ala. 46 ; *Railroad Co. v. Watson*, 42 Ala. 74 ; *Pomeroy v. State*, 40 Ala. 63 ; *Donegan v. Wood*, 49 Ala. 242 ; *Robbins v. Mendenhall*, 35 Ala. 722 ; *Burns v. Mayor, &c., of Mobile*, 34 Ala. 485.

2. The second plea of the defendant did not set out the facts supposed to constitute contributory negligence, and was, therefore, demurrable.—*Johnson v. L. & N. R. R. Co.*, 104 Ala. 241 ; *T. C., I. & R. R. Co. v. Herndon*, 100 Ala. 457 ; *R. R. Co. v. Markee*, 103 Ala. 160.

3. The rulings of the trial court upon the question asked the witness Cobbs, to which exceptions were reserved, were free from error.—*Allen v. Draper*, 98 Ala. 590 ; *Ala. Fer. Co. v. Reynolds*, 79 Ala. 497 ; *McCormick v. Joseph*, 77 Ala. 236.

4. When the bill of exceptions does not purport to set out all the evidence, the appellate court will presume that there was evidence which justified the refusal of a charge asked, if any state of proof would have justified its refusal.—*Davis v. Badders*, 95 Ala. 348 ; *Hood v. Pioneer Mining & Manfg. Co.*, 95 Ala. 461 ; *Southern Suspender Co. v. Van Borries*, 91 Ala. 507 ; *Webb v. Ballard*, 97 Ala. 584.

5. The 1st, 4th and 5th charges requested by the defendant were properly refused.—*Holland v. T. C., I. & R. R. Co.*, 91 Ala. 444 ; *R. R. Co. v. Farmer*, 97 Ala. 141 ; *McCauley v. R. R. Co.*, 93 Ala. 357.

HEAD, J.—The demurrers to the complaint were all general, and, but for the institution of count number

[Postal Telegraph Cable Co. v. Hulsey.]

six, which states no cause of action at all, would have been properly overruled for that reason, without considering any other. The demurrers go to each count, separately. Count number six shows that plaintiff was a fellow servant with Cobbs, who was charged with the negligence which caused the injury, and yet fails to bring the negligent conduct of Cobbs within either of the grounds or causes of action specified in the Employer's Liability Act. The cases, within that act, to which the count more nearly approaches, are those provided in subdivisions three and four. Subdivision three is as follows: "When such injury is caused by reason of the negligence of any person in the service or employment of the master or employer, to whose orders or directions the servant or employé, at the time of the injury, was bound to conform, and did conform, and such injuries resulted from having so conformed," the master or employer is liable to answer in damages to such servant or employé, as if he were a stranger, and not engaged in such service or employment. After stating the injuries, their extent, &c., the count avers, as the cause of action, the following: "And the plaintiff avers that his injuries were caused by reason of the negligence of one Frank A. Cobbs, who was also in the service or employment of the defendant, in this: That in obedience to particular instructions given to the plaintiff by said Frank A. Cobbs, plaintiff commenced to chop upon a tree, upon which another tree had lodged, after having partially fallen, and was chopping thereon when the tree which had lodged as aforesaid, fell upon him and inflicted the injuries aforesaid; and the plaintiff avers that the said Cobbs had been delegated by the defendant with the authority of the defendant in giving the instructions aforesaid; and the said Cobbs was guilty of negligence in this: that knowing plaintiff's position, and the position of the tree which had lodged as aforesaid, after having the said plaintiff to chop thereon, negligently failed to inform plaintiff when it became unsafe for plaintiff to further chop on said tree, and by reason of his failure, aforesaid, plaintiff's said injuries were inflicted." It is thus seen that the count does not show, directly or inferentially, that the instructions given to plaintiff by Cobbs were wrongful or negligent, nor that plaintiff was bound to conform to the orders or

directions of Cobbs, nor that his injury resulted from having so conformed. The averment is that plaintiff and Cobbs were both engaged in the employment of defendant; that is to say, were fellow servants under a common master; that, in obedience to particular instructions (rightful in themselves) given him by Cobbs, plaintiff commenced to chop upon a tree, &c., and that Cobbs had been delegated by the defendant with the authority of the defendant in giving such instructions, whatsoever that authority may have been; and the count then proceeds to allege, that the negligence of Cobbs which caused the injury, was, (not a wrong or negligent order given by Cobbs to which plaintiff was bound to conform and did conform, and that the injury resulted from having so conformed, but) that, after having plaintiff to chop on the tree, he negligently failed to inform plaintiff when it became unsafe for him to further chop on said tree; by reason of which failure plaintiff's injuries were inflicted.

The language employed in framing the count suggests that it was intended to be brought within the fourth subdivision, and it so appears from the brief; but, obviously, that provision was misconstrued. The provision is that the master or employer is liable to answer in damages, &c., "when such injury is caused by reason of the act or omission of any person in the service or employment of the master, done or made in obedience to * * * * particular instructions given by any person delegated with the authority of the master or employer in that behalf." Here, we see, that the constituents of the right of action given by the provision, as quoted, are, first, that the injury must have been caused by reason of the *act* or *omission* of some person in the service or employment of the master, (say, Cobbs, as charged in this count) ; and second, that such act or omission of such person (Cobbs) must have been done or made in obedience to particular instructions given *him* by some person delegated with the authority of the master or employer in that behalf. The delegation of authority here spoken of, is not to the person whose "act or omission" caused the injury (Cobbs), but to some other person who was authorized by the master, to give the servant, (Cobbs) whose act or omission caused the injury, particular instructions to do the act or suffer

the omission. Reading the count, in question, we see it proceeds entirely upon alleged instructions to chop the tree, given to the plaintiff by Cobbs,—another employé— who had been delegated by the master with his, the master's, authority in giving such instructions, followed by allegations of subsequent and independent omissions of duty on the part of Cobbs, alleged as constituting the plaintiff's cause of action. The giving of the instructions mentioned, by Cobbs, exerts no possible influence upon the cause of action so alleged. They simply put the plaintiff to work upon the tree, so far as appears, in a lawful and proper manner. The negligence of Cobbs arose afterwards, in the prosecution of the work.

We have duly considered whether the count could, by any reasonable intendment, be treated as containing a cause of action at common law. The only difference in the nature of Cobbs' and plaintiff's employment, was, that Cobbs was authorized to give instructions to plaintiff to do the work in question, while he, the plaintiff, was employed to labor in building the telegraph line, under all proper directions. This, most clearly, did not constitute Cobbs a vice-principal.—*Railway Co. v. Smith,* 59 Ala. 245 ; *Tyson v. Railroad Co.,* 61 Ala. 554 ; *Smoot v. Railway Co.,* 67 Ala. 13 ; *Railroad Co. v. Allen,* 78 Ala. 494 ; *Railroad Co. v. Davis,* 92 Ala. 300. The plaintiff and he were no more than fellow servants, under the averments of this count.

The second plea set out no facts constituting contributory negligence, and was bad for that cause.

The issues made up for trial may be thus stated, and to them all proper evidence and instructions must have related : The complaint, in the first three counts, is upon subdivision two, and, in the fourth and fifth counts, upon subdvision three of the Employer's Liability Act. The three counts, in the first class, all show by proper averments, that one Frank A. Cobbs was, within the meaning of the statute, entrusted with superintendence, and that the plaintiff's injury occurred by reason of negligence on his part, whilst in the exercise of such superintendence. They show that defendant was engaged in building or equipping a telegraph line, removing trees, erecting poles, wires, &c., and that plaintiff, an employé, was injured by a tree falling on him, in the prosecution of this work, under the superintendence of Cobbs.

The wrong attributed to Cobbs by the first count is, that he negligently ordered the plaintiff to go and chop and fell a tree upon which another tree had lodged; and plaintiff obeyed and commenced chopping on said tree, when the tree which was lodged thereon fell upon him, inflicting the injuries complained of. Though this count is expressly based, by a general averment, upon the negligence of Cobbs, in the exercise of a superintendence, under the second subdivision, yet we see the wrongful act charged was the negligent giving of an order, for which subdivision three provides, without alleging that plaintiff was bound to conform to the order. But, as we have said, the demurrers are so general we cannot consider them, and we will, by the allowance of intendments, refer the negligence charged to the second subdivision, under the general averment of negligence in the exercise of superintendence.

The wrong attributed to Cobbs, as superintendent, by the second count, is, that after having ordered and directed the plaintiff to fell a tree upon which another tree had lodged, he negligently failed to watch the tree upon which plaintiff was chopping, and the tree which had lodged thereon, while the plaintiff was engaged in chopping the first named tree, so as to give plaintiff warning when it became dangerous for him to chop longer on said tree, and by reason of such negligence, the tree which had lodged, as aforesaid, fell upon plaintiff, &c.

The third count charges that Cobbs, knowing that plaintiff was chopping, &c., &c., as above stated, negligently failed to warn plaintiff when it became dangerous to chop longer on said tree, and negligently allowed plaintiff to continue chopping thereon, until the tree upon which plaintiff was chopping became so weakened by the chopping, aforesaid, that it would no longer hold up the tree which was lodged thereon.

The wrong charged in the fourth count is that Cobbs ordered plaintiff and other hands to chop on said tree, described as aforesaid.

The wrong charged in the fifth count is two-fold in the averments of negligence, but single as to the cause of the injury—the latter being simply the giving of the order as charged in the fourth count; so that, the fourth and fifth counts are, in legal effect, the same.

All these charges of negligence were met by the defendant, first, by the general denial; second, payment, or accord and satisfaction before suit brought; and third, by contributory negligence, specially set up in plea number four and plea unnumbered.

The negligence set up in said plea number four is, that plaintiff undertook to cut down or chop a tree on which another tree had lodged, which undertaking was, in itself, dangerous and known to be dangerous by the plaintiff, and negligently failed to keep a watch and lookout while chopping it, &c.

The unnumbered plea alleges the contributory negligence to have been, that while cutting down a tree on which the weight of two other trees was resting, and when the tree on which he had been cutting was in the act of falling, the plaintiff, instead of stepping backwards or to one side, negligently moved in the direction in which one of the trees was leaning, thereby placing himself in danger, so that said tree fell on him.

The plaintiff met all these pleas by the general replication; and met the fourth, also, by replication in special form, alleging, as in the complaint, the relation of Cobbs, as superintendent; that he ordered and directed plaintiff to fell a tree upon which another tree was lodged, as set out in the complaint, and assured plaintiff that he would keep a watch-out for plaintiff while chopping said tree, and would warn plaintiff when it became dangerous to continue chopping thereat; wherefore, plaintiff says, he was relieved of the necessity and duty of keeping a watch-out himself for said tree. After demurrer overruled (which ruling is not assigned as error) the defendant joined issue on this replication.

The questions reserved by the bill of exceptions relate to the admission of evidence and giving and refusal of instructions.

The evidence to which the third assignment of error relates, was improper, and rightly disallowed. It was not material whether plaintiff saved anything out of the wages referred to or not.

If by reason of any facts known to defendant's witness, Cobbs, his continued employment by the defendant depended upon the success of the defendant in this suit, it was certainly competent for the plaintiff to prove it, after Cobbs had testified in the cause for, and favorably

to, the defendant. It was a fact the jury could properly consider in determining what weight to give Cobbs' testimony.

Under the principle declared in *Campbell v. State*, 23 Ala. 76, and *Johnston v. State*, 102 Ala. 1, it was competent for defendant, under the circumstances shown by the bill of exceptions, to ask its witness (Cobbs) what his reasons were for the interest he felt in the case. The court erred in sustaining the objection to the question.

The other exceptions relating to evidence, are not specially insisted upon in the brief of counsel, and we do not consider them.

The bill of exceptions fails to recite that it contains all the evidence. It is the rule, in such cases, that the court will presume any state of evidence which would sustain the giving or refusal of an instruction by the trial court.

At the request of the defendant the court gave the following charge : "In the absence of orders from Cobbs as to what direction Hulsey should run, it was the duty of Hulsey to run in a safe direction, if the jury find from the evidence there was a safe way to run." Afterwards the court said to the jury : ''I read you a charge requested by the defendant which I wish to withdraw. The charge reads as follows," (reading as above). "I refuse that charge for this reason ;" and so on, proceeding to give reasons and announcing certain propositions, as law governing the case. The defendant excepted generally to all the court said, specifying no particular portion. It is clear there was no error in withdrawing the said charge and refusing it. That charge made it the absolute duty of the plaintiff to have run in a safe direction, if there was one, without regard to the circumstances under which he was called upon to act, and whether he acted as a reasonably prudent and cautious man would, or might naturally have acted, or not. The plaintiff could not thus be made, absolutely, an insurer of safety in the direction he might take to avoid the danger. This part of the court's remarks to the jury was distinct from other propositions announced, and independently correct ; whereby the general exception to the entire instruction is unavailing, though there may have been error in some other parts. We do not look to see whether or not there was such an error.

Charges number 1, 4, and 5 requested by defendant

contained the same vice as that above commented on, and were properly refused.

Charge number six pretermits all inquiry whether Cobbs was negligent in not sooner discovering plaintiff's danger—a default expressly charged in some of the counts of the complaint.

It is the opinion of the Chief Justice and the writer, that charge number twelve would deny recovery to every person who engaged in business at all dangerous, or which might probably result in injury to him, merely because he did so engage, without regard to the negligence of the defendant (short of willfulness) which might have caused the injury. The other members of the court, however, think, and so hold, that the charge abstractly considered excludes all negligence of any character, on the part of the defendant, as causing the injury, and therefore asserted a correct proposition of law ; but they further hold that the charge was so general on that point that it was liable to mislead the jury and was properly refused for that reason.

The same observations apply to charge 13, requested by defendant.

General charges two, three and ten can not, of course, be considered when it does not appear that all the evidence is before us.

Reversed and remanded.