[Ventress v. Town of Clayton.]

# Ventress *v.* Town of Clayton.

## *Violating City Ordinance.*

(Decided Feb. 10, 1910. 51 South. 763.)

1 *Municipal Corporation; Violating Ordinance; Appeal; Validity of Judgment on.*—Where one is convicted in the municipal court for violating a city ordinance and appeals to the circuit court, and that court following a verdict of guilty, adjudges defendant guilty and fixes the amount of the fine within the penalty of the ordinance, the judgment may not be said to be void, though not in all respects regular, since the court had jurisdiction of the subject matter and the person.

2. *Same; Ordinances; Effect of Municipal Code On.*—Ordinances existing at the time of the adoption of the Municipal Code, in harmony with said Code, were not affected thereby.

3 *Appeal and Error; Presumptions; Evidence to Support Judgment.*—Where the bill of exceptions does not purport to contain all of the evidence, this court will presume evidence warranting the judgment made and the affirmative charge given to that end.

4. *Words and Phrases; "Then."*—The word, "then" does not always imply consecutiveness; afterwards, later, at another time, are some of its meanings.

APPEAL from Barbour Circuit Court.

Heard before Hon. A. A. EVANS.

Cliff Ventress was convicted in the mayor's court for violating an ordinance of the Town of Clayton. He appealel to the circuit court, and was again convicted, and again appeals. Affirmed.

The ordinance alleged to have been violated was one against rolling at the crack, pitching at a mark, or matching coins for any money, cigars, soda water, or other thing of value whatsoever. A conviction was had in the mayor's court, and the defendant appealed to the circuit court. The judgment there rendered is as follows: "On this the 7th day of September, 1909, came the parties by their attorneys, and issue being joined upon the plea of the general issue, thereupon came a

jury of good and lawful men to wit, J. M. Renfroe, foreman, and 11 others, who, being duly impaneled and sworn according to law, upon their oaths do say    'We, the jury, find the defendant guilty, and assess his fine at $10.' It is therefore considered by the court that the defendant is guilty. In open court come the defendant and G. J. Grantham, respectively, and admit that they are indebted to the State of Alabama, for the use of Barbour county, for the fine and costs which have accrued in the case of the town of Clayton against Cliff Ventress, and consent that judgment be rendered against him therefor. It is therefore ordered, adjudged, and decreed by the court that the town of Clayton have and recover of the defendant Cliff Ventress, and G. J. Grantham, said surety, the sum of $10, the fine assessed by the jury, together with the costs in this behalf expended, for which let execution issue."

JAMES J. WINN, JR., and T. M. PATTERSON, for appellant.—Counsel insist that the ordinance was void in that it was a mere newspaper clipping, was not in a Code or book containing the ordinances, and was not certified to by the clerk of the town.—Section 1220, Code 1907. They also insist that it was void because the style of the ordinance is not in conformity with the requirements of the law.—Section 1252, Code 1907. Counsel make other insistencies relative to the ordinance, but without citation of authority. They insist that the judgment was void, and cite in support thereof.—*Spratt v. Simmons,* 16 Ala. 828; 23 Cyc. 732. The cause being quasi criminal, the complaint is a part of the record and the Supreme Court will examine it though no demurrers are interposed thereto.—*Finley v. The State,* 61 Ala. 201; *Brazier v. The State,* 44 Ala. 387; *Robinson v. The State,* 43 Ala. 325.

WILLIAMS & WILLIAMS, for appellee.—The court had jurisdiction of person and subject-matter and the judgment was not void. No objection was taken to the complaint in the court below. The bill of exceptions does not purport to contain all the evidence, and the appellate court will presume that there was evidence justifying the judgment. The style of the ordinance was as required by the municipal charter, and it was enacted prior to the municipal Code.—Acts 1896-7, p. 1444. A change in a city charter does not affect existing ordinances in harmony with the new provision.—1 Dillon on Mun. Corp. p. 141.

McCLELLAN, J.—The appellant complains of his conviction in the circuit court of a violation of a town ordinance, to which, at his instance, the proceedings was removed from the mayor's court. The circuit court had jurisdiction of the subject-matter and of the person. The judgment, while not in all things regular or formal, is not void. It adjudges appellant's guilt, and fixes the amount of the fine for his misdemeanor, following the verdict of the jury in the premises, within the penalty of the ordinance adopted and approved June 19, 1908. So far as we are advised, the Municipal Code (Acts 1907, p. 790 et seq.) was not in force in the town of Clayton at the time this ordinance was adopted. It is not insisted here that this ordinance is inconsistent with any provision of the Municipal Code. "The change of a city charter does not affect existing ordinances in harmony with new provisions."—1 Dillon, Munic. Corp. p. 141.

The bill of exceptions does not purport to contain all of the evidence adduced on the trial. Hence, with a view to supporting the judgment below, we must presume, as is always done, that there was evidence before

·the court and jury warranting the adjudication made, and the affirmative charge given to that end. The contention of counsel that the use in the bill of the word "then" is the equivalent of an affirmative recital that the evidence set out was all the evidence adduced cannot be approved. Reference to the standard lexicons shows that "then" does not always imply consecutiveness. Some of its meanings are afterwards; later; at another time.—*Lewis Land & Lumber Co. v. Interstate Company*, 163 Ala. 592, 50 South. 1036.

The judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.