[Beard v. DuBose.]

# Beard *v.* DuBose.

*Ejectment.*

(Decided February 8, 1912.   57 South. 703.)

*Appeal and Error; Review; Bill of Exceptions.*—Where the bill of exceptions does not purport to set out all or substantially all of the evidence, the giving of the affirmative charge was not shown to be error, the presumption being indulged that evidence was introduced by the party in whose favor the verdict was directed, not in conflict with the evidence for the other party, justifying the action of the court.

(Dowdell, C. J., and Sayre, J., dissent.)

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by J. S. Beard against John DuBose. Judgment for defendant on a directed verdict, and plaintiff appeals.   Affirmed.

FOSTER, SAMFORD & CARROLL, and BALL & SAMFORD, for appellant.   The only question presented is the right of courtesy in the husband under the statute laws of Alabama, it not being shown that any child was ever born to John and Betty DuBose.   The husband takes as a distributee of the wife's estate.—Section 3765, Code 1907.   This section is in the Code under the chapter providing for descent and distribution and is a part thereof.   The husband then takes an interest in his wife's estate as a distributee.—*Thompson v. Thompson,* 107 Ala. 166; *Marshall v. Crowe,* 29 Ala. 280.

BOYKIN OWENS, for appellee.

McCLELLAN, J.—Statutory ejectment by appellant against appellee to recover a lot in the city of Troy, Ala.

The court gave, at the request of the defendant, the general affirmative charge, with hypothesis, in his behalf.

The bill of exceptions does not purport to set out or to contain all, or even substantially all, of the evidence before the trial court. This being the condition of the bill before the court in the present appeal. the following language of Chief Justice DOWDELL, to be found in *Lewis Land & Lumber Co. v. Interstate L. Co..* 163 Ala. 592, 593, 50 South. 1036, is apt, and its doctrine is decisive in the premises: "When, on appeal. the bill of exceptions fails to recite that it contains all of the evidence, this court will presume any state of the evidence which will sustain the giving or refusal of an instruction by the trial court." The quoted decision has been accepted as authoritative on the point noted in these subsequent decisions; *Ventress v. Town of Clayton,* 165 Ala. 349, 352, 51 South. 763; *Lamar v. King,* 168 Ala. 285, 289, 53 South. 279. In the last-cited decision (168 Ala. 285, 289, 53 South. 279, 281), it was said: "But, while the bill of exceptions was drawn in a way which indicates with a degree of probability that it contains the evidence upon which the case was tried, there is no formal statement that such is the case nor the equivalent of any such statement. This court has in a great number of cases rigorously applied the rule that, where a bill of exceptions fails affirmatively to show that it contains all the evidence, any state of the evidence will be presumed to uphold the rulings of the trial court. A case especially in point is *Southern Mutual Ins. Co. v. Holcombe,* 35 Ala. 327, followed recently in *Lewis Land & Lumber Co. v. Interstate L. Co.,* 163. Ala. 592 [50 South. 1036]." The rule quoted ante is aptly supported by the following, among other, decisions delivered here: *Barnes v. Mobley,* 21 Ala. 232;

[Beard v. DuBose.]

*Bradley v. Andress,* 30 Ala. 80, 82; *Lovett v. Chisolm,* 30 Ala. 88, 90; *Stein v. Feltheimer,* 31 Ala. 57, 58; *Com'rs v. Godwin,* 30 Ala. 242, 244; *Wyatt v. Stewart,* 34 Ala. 716, 721, 722; *Taylor v. McElrath,* 35 Ala. 330, 333; *Alexander v. Alexander,* 71 Ala. 297; *M. & E. Ry. Co. v. Kolb,* 73 Ala. 405, 49 Am. Rep. 54; *Keep v. Kelly,* 29 Ala. 322, 324; *Postal Tel. Co. v. Hulsey,* 115 Ala. 193, 207, 22 South. 854; *Shafer v. Hausman,* 139 Ala. 240, 35 South. 691 (wherefrom the language in *Lewis Land & Lumber Co. v. Interstate L. Co., supra,* was taken); *Sanders v. Stein,* 128 Ala. 633; 634, 29 South. 586.

Applying, as must be done, the quoted rule to this appeal, error in the giving of the affirmative charge stated—the only assignment of error made—is not shown to have been committed.

It is suggested that the holding in *Baker v. Patterson,* 171 Ala. 88; 55 South. 135, requires a different conclusion. The writer having dissented therefrom, expressing at length his views upon the matter therein discussed, Justice ANDERSON, who did not concur therein, has kindly written for the court in response to the suggestion stated, and so, as follows: "The majority of the court concur in the opinion, but do not wish to be understood as expressly or indirectly overruling the recent case of *Baker v. Patterson,* 171 Ala. 88, 55 South. 135. They think that there is a broad distinction between said case and the case at bar. In the *Patterson Case, supra,* there was the demand and a general denial of same—no special defense whatever; the only issue being the existence vel non of plaintiff's claim as set out in the complaint. Therefore, under the issue as made by the pleading, and upon which the trial was had, it matters not what facts additional to those disclosed by the bill of exceptions either party may have

proved, there would necessarily be a conflict as to the real and only issue, and which would make the giving of the general charge improper. In other words, there was a conflict in the evidence upon the one material fact in the case, and whatever else may have been proven under said issue there would still remain a conflict, and thus make the decision of the case a question for the jury, and not for the court, by giving the general affirmative charge. Here we have a different case. The bill of exceptions does not disclose all of the evidence, and the defendant may have introduced evidence which might not have conflicted with the plaintiff's evidence, and yet it may have established a complete and undisputed defense to the plaintiff's action. The action was ejectment, and under the general issue the defendant had the right to defeat the plaintiff's recovery by showing that he did not have the title, and which could have been done without disputing or contradicting any of the plaintiff's evidence. The plaintiff proved certain facts to establish title, and these facts may have all been true; yet the defendant may have shown that he had acquired a title through a superior source to that of the decedent, Betsie Du Bose, and through whom the plaintiff claims title to the land, and there was nothing in the record to show that the defendant was claiming under a common source. He was the husband of Betsie Du Bose, it is true, but he did not, under the record, claim the land solely and only by the marital right to same; but, from aught that appears, he may have had a superior title to that of his wife's, and which may have been shown without disputing the plaintiff's evidence in the slightest, or he may have had a deed from her, made before her death."

In the writer's opinion, the statement of Justice ANDERSON that "there is a broad distinction between

[Beard v. DuBose.]

said case [*Baker v. Patterson*] and the case at bar" is obviously correct; for in that case a *conflict* in the evidence appeared, whereas in the case at bar no conflict appears.

Affirmed.

- SIMPSON, ANDERSON, MAYFIELD, and SOMERVILLE, JJ., concur. DOWDELL, C. J., and SAYRE, J., dissent.

SAYRE, J.—(Dissenting.)—On reflection, I am not so sure that the case of *Baker v. Patterson,* ought to control this case. I am sure, however, that the opinion in that case has not been understood according to its plain meaning. In that case there was no conflict in the evidence, but the trial judge, misunderstanding the legal effect of undisputed facts, gave the affirmative charge for the plaintiff, whereas, the defendant should have had it on request. It was said that this was error for the reason that, "as long as the evidence shown by the bill of exceptions to have been offered by the parties is allowed to stand as identifying the issues of fact between the parties and constituting at least a part of the evidence upon which those issues were determined, the only effect of presuming other evidence favorable to the plaintiff, will be to establish a case of conflict," in which case the general charge would still be erroneous.