143 So. 832

**JOHN DODD WHOLESALE GROCERY CO. v. BURT.**

**7 Div. 142.**

Supreme Court of Alabama.

Oct. 13, 1932.

Roy Mayhall, of Haleyville, and Thos. W. Millican, of Ft. Payne, for appellant.

C. A. Wolfes, of Ft. Payne, for appellee.

KNIGHT, J.

Suit by plaintiff on common counts "against Burt and Croley, a partnership composed of James A. Croley and R. A. Burt." R. A. Burt filed a sworn plea in the cause, averring that he was not a partner of J. A. Croley, doing business in the name of Burt and Croley; and that no such partnership then existed. The plaintiff moved to strike this plea, and the court overruled the same. The plaintiff duly reserved an exception to this ruling of the court, and appellant's first assignment of error is based upon this action of the court.

■ Motion to strike, as has often been pointed out by this court, is not the proper way to test the sufficiency of a plea, but plaintiff must be put to his demurrer. Ashurst v. Arnold-Henegar-Doyle Co., 201 Ala. 480, 78 So. 386; A. G. S. R. R. Co. v. Clark, 136 Ala. 450, 461, 34 So. 917; Mobile Electric Co. v. Sanges, 169 Ala. 341, 349, 53 So. 176, Ann. Cas. 1912B, 461; Owensboro Wagon Co. v. Hall, 149 Ala. 210, 43 So. 71; St. Louis & S. F. R. Co. v. Phillips, 165 Ala. 504, 51 So. 638.

■ While the plaintiff did later resort to demurrer to test the sufficiency of defendant's (Burt's) plea, yet the judgment entry shows no ruling thereon by the court, and therefore the sufficiency of this plea is not before us for determination.

The plaintiff amended his complaint on the day of the trial "by adding the name of R. A. Burt individually as a defendant to the action." The judgment entry also recites that the plaintiff dismissed his suit as to James A. Croley, who had died after the suit was brought. The case seems to have been treated thereafter by the parties as a suit against R. A. Burt only, as the judgment does not show anything as to the partnership; and the case is here presented as one between the plaintiff in the court below and the said R. A. Burt. We shall so regard and treat the case here.

The court, at the conclusion of the evidence, gave the general affirmative charge, with hypothesis, for the defendant, Burt, and there was verdict and judgment accordingly. From this judgment in favor of the defendant, Burt, the present appeal is prosecuted by the plaintiff.

This court has in many cases applied the rule that, where the bill of exceptions fails to affirmatively show that it contains all the evidence, any state of facts will be presumed to uphold the rulings of the trial court. Lewis Land & Lbr. Co. v. Interstate L. Co., 163 Ala. 592, 50 So. 1036; Ventress v. Town of Clayton, 165 Ala. 349, 352, 51 So. 763; Lamar v. King, 168 Ala. 285, 289, 53 So. 279; Postal Tel. Cable Co. v. Hulsey, 115 Ala. 193, 207, 22 So. 854; Shafer v. Hausman, 139 Ala. 237, 240, 35 So. 691; Beard v. DuBose, 175 Ala. 411, 57 So. 703, 63 So. 318; Stephens v. Walker, 217 Ala. 466, 117 So. 22.

■ The foregoing rule, however, like other rules, has some exceptions, as was pointed

440

out in the case of Baker v. Patterson, 171 Ala. 88; 55 So. 135, 136. In this case, this court committed itself to the proposition that, although the bill of exceptions does not purport to set out all the evidence, yet, "as long as the evidence shown by the bill of exceptions to have been offered by the parties is allowed to stand as identifying the issues of fact between the parties and constituting at least a part of the evidence upon which those issues were determined, the only effect of presuming other evidence favorable to the plaintiff will be to establish a case of conflict," and in which case the general charge would still be erroneous. And in the case of Beard v. DuBose, 175 Ala. 411, 57 So. 703, 704, 63 So. 318, which involved the propriety of giving the general charge, where the bill of exceptions did not recite that it contained all the evidence, this court again said: "Therefore, under the issue as made by the pleading, and upon which the trial was had, it matters not what facts additional to those disclosed by the bill of exceptions either party may have proved, there would necessarily be a conflict as to the real and only issue, and which would make the giving of the general charge improper." So it will be necessary to determine from the facts found in the bill of exceptions, as certified by the trial judge, whether or not there was a real conflict in the evidence, and, if it be so found, it would follow that the giving of the general charge at request of defendant, Burt, would be erroneous. We shall have occasion to further allude to this proposition of law hereafter in this opinion in considering the propriety of the court's action in giving the general charge for the defendant.

While the court, as heretofore stated, has gone quite a distance in indulging presumptions, where the bill of exceptions does not purport to set out all the evidence, to sustain the trial court, in reference to charges given or refused, it has never, so far as the writer is advised, extended the rule to cases where evidence was improperly admitted or excluded. Torrey v. Burney, 113 Ala. 496, 21 So. 348; Postal Tel. Co. v. Hulsey, 115 Ala. 193, 22 So. 854; DeLoach v. Robbins, 102 Ala. 288, 14 So. 777, 48 Am. St. Rep. 46; McDonald v. Wood, 118 Ala. 589, 24 So. 86; Bolton v. Cuthbert et al., 132 Ala. 403, 31 So. 358, 90 Am. St. Rep. 914; Sherrill v. L. & N. R. R. Co., 148 Ala. 1, 44 So. 153.

Confessedly, if the appellee, Burt, was liable in this action to the plaintiff, it would be due to the fact that he was a member of the partnership of Burt and Croley, as the evidence does not otherwise tend, in the remotest degree, to show that he himself purchased any goods of plaintiff, or personally authorized any one to make the purchases. At the time the plaintiff propounded the following questions to the witness W. M. Herren, no evidence had been offered in the case to show that the defendant, Burt, was a member of the partnership of Burt and Croley, and there was in the case a sworn plea by Burt that no such partnership existed: "Did your company sell goods and charge them to Burt and Croley?" "Is that the correct amount due on the account?" "Does that ledger sheet show the correct items bought and charged?"

■ If the questions were otherwise free from objection, certainly as to defendant, Burt, the proof could not be made until some evidence had been offered to show that he was a member of the partnership. And for like reasons, as well for others that might be mentioned, the court did not err in refusing to permit the plaintiff to introduce in evidence the ledger sheets showing the account sued on. Likewise the court did not err in refusing to permit the plaintiff, over defendant's objection, to introduce in evidence "the yellow sheets" that the witness Herren "said were made up of records coming into his office as book-keeper during the course of daily business."

At this point the plaintiff examined as a witness in its behalf H. H. Brown, and we here quote from his testimony as follows: "I knew Mr. Burt. I knew Judge Croley during his life time. I was employed on the highway built between Haleyville and Double Springs during the construction of it during 1923–24. I saw Mr. Burt once during the time the road was being constructed. I had a conversation with him on that occasion. I am not in any way connected with the John Dodd Wholesale Grocery Company. Mr. Burt told me that he bought a partnership interest with Judge Croley, in construction of that highway over there. He told me this at a time I met him out there on a job. I was not an employee of Burt and Croley. I was a subcontractor. I bought things from John Dodd Wholesale Grocery Company."

■ The plaintiff then asked the witness: "Whose account was those articles charged to that you bought over there?" There was no offer to show that the articles inquired about were any of the articles for the price of which this suit was brought to recover. The court sustained defendant's objection to the question. For aught appearing, the question called for wholly irrelevant and immaterial testimony, and the court properly sustained the defendant's (Burt's) objection thereto.

■ The plaintiff then propounded the witness Brown the following question: "Did you have notice from Burt or Croley to buy things there, and charge to Burt and Croley?" This question was also objectionable, but, if made to refer to the items which were the basis of the suit, it would be admissible.

The appellant's eleventh assignment of error is as follows: "The court erred, during the progress of the examination of the witness Brown and in the presence and hearing of the jury by stating that he held that the plaintiff cannot prove that he was given authority by Judge Croley to buy goods for that partnership."

In order to put the court in error, it was necessary for the plaintiff to offer the proof, and then to except to the ruling of the court in declining to allow the offered proof to be made. During the examination of the witness Brown, the plaintiff's attorney addressed this question to the court: "Does your honor hold that we cannot prove that he was given authority by Judge Croley to buy goods for that partnership." The court replied: "Yes." "The plaintiff's attorney excepted to the ruling of the court." This occurrence is made the basis of the above-quoted eleventh assignment of error. No doubt, if the plaintiff's attorney had propounded to the witness proper relevant questions touching the purchase of goods for the partnership, while and if the partnership was in existence, the trial court would have permitted the questions.

The appellant complains that the court refused to permit it to ask the defendant, Burt, when on the stand testifying as a witness, and called by plaintiff, the following question: "Did you give personal notice to any member of the firm of John Dodd Wholesale Grocery Company you were going out of the partnership?" "Did you give any notice of the fact you were going out of the partnership?" Whether the court should or should not have allowed the plaintiff to have made answers to either, or both, of said questions, it would be error without injury, because the plaintiff had already proven by the witness that he did not notify the plaintiff, but had notified his bank as soon as he reached home.

This brings us down to a consideration of the propriety of the action of the court in giving the general affirmative charge, with hypothesis, for the defendant, Burt.

There was evidence before the jury that there was such a partnership as Burt and Croley; that it existed from some time in 1923 to 1924; that this partnership had had dealings with the plaintiff; and that the partnership of Burt and Croley was indebted to the plaintiff in the amount of about $300, exclusive of interest.

The only pleas filed in the cause by the defendant, Burt, were, in addition to the sworn plea denying the existence of the partnership of Burt and Croley, pleas denying indebtedness at the time of the commencement of the suit, and the general issue. No plea of payment was filed by this defendant.

It thus appears from the bill of exceptions, certified to this court by the trial judge, that there was a conflict in the evidence, which necessitates its submission to the jury, and the court under our holding in the cases of Baker v. Patterson, supra, and of Beard v. DuBose, supra, committed error in giving the general charge for defendant, Burt, notwithstanding the bill of exceptions does not recite it contains all the evidence.

For the error in giving the affirmative charge for the defendant, Burt, the judgment of the lower court must be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.