# Southern Hardware & Supply Co. v. Standard Equipment Co.

*Damages for Injury to Animal by Runaway Team.*

(Decided Dec. 17, 1908.  Rehearing denied Jan. 14, 1909.
48 South. 357.)

1. *Trial; Instruction; Invading Jury's Province.*—Whether the ordinance had been violated or not being a question for the jury, it was error for the court to assume in instructing the jury, that the defendant's wagon was left unattended and that the driver was negligent, even conceding that a violation of the ordinance would be negligence per se.

2. *Municipal Corporations; Use of Street; Violation of Ordinance; Leaving Team Unattended in Street.*—Where a team was attended by its driver who was loading the wagon, the fact that nobody was

actually holding the team, would not amount to a violation of the city ordinance forbidding the leaving of a horse, etc., unattended in the street; since the word, "leaving" as used in the ordinance means to "desert, to abandon, to forsake, to give up, to relinquish."

2. *Same; Negligence.*—Simply because the driver was not holding the bridle or lines he could not be said to be negligent per se, regardless of the ordinance.

4. *Same; Instructions.*—Where the action was for the value of an animal killed by a collision with a runaway team in the street, and the defense was that the plaintiff allowed the animal to stand in the street unattended, in violation of an ordinance, and that this negligence proximately contributed to the loss of the animal, a charge that if the plaintiff's animal was left in the street unattended and unhitched, and if the injury would have been averted had there been an ordinarily prudent attendant, then the injury would have been due to plaintiff's negligence, is a correct statement of law, as the facts hypothesized correspond with those pleaded.

5. *Damages; Destruction of Personal Property; Measure.*—The general rule for the measure of damages for personal property destroyed or rendered valueless, is the value of the property at the time of the injury, with interest.

6. *Same; Elements; Expenses Incurred.*—If an animal is not so seriously injured as to indicate that its recovery is improbable, the owner owes the duty to the person injuring it to resort to all prudent means to save the animal and reduce the damages; hence, the owner can recover the expenses reasonably incurred to that end, in addition to the animal's value, if it subsequently dies as a proximate result of the injury.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by the Standard Equipment Company against the Southern Hardware & Supply Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The allegations of the complaint are, substantially, that a team of defendant was left standing in the streets of Mobile unhitched, in violation of an ordinance of the city against leaving a team unhitched or unattended, and that the team ran away, injuring a mule of plaintiff. Damages are claimed for medical attention for the mule, and for the value of the mule, and for the rent and hire of a mule to take the place of the one injured.

Defendant filed the general issue and the following special plea: "(2) It is true, as alleged in the second

count of the complaint, that the city of Mobile had in force, at the time of the alleged injuries to plaintiff's mule, the ordinance mentioned in said second count; and defendant avers that plaintiff itself was guilty of negligence, in this: That it allowed its mule, the injury and death of which is the subject of this suit, to be and stand on the public streets of said city of Mobile unattended and without being hitched, in violation of said ordinance, and said negligence of plaintiff in having no attendant in charge of the mule at the time proximately contributed to the injuries received by the said mule."

The assignments of error as to evidence are as follows: "(1) The court erred in sustaining plaintiff's objection to defendant's question to the witness Christian as to why he did not say to defendant that he wanted it to take charge of the mule before he sent it to Edwards Hospital. (2) The court erred in sustaining plaintiff's objection to defendant's question to the witness New as to whether a driver in charge of plaintiff's mule would or would not have been able to get the mule out of the way of the runaway team. (3) The court erred in sustaining plaintiff's objection to the defendant's question to the witness Herzog as to whether a reasonably prudent driver or attendant in charge of plaintiff's mule could have gotten him out of the way of the approaching runaway team."

The court, in its oral charge, instructed the jury that it was negligence per se to leave the wagon there unattended. Exception was reserved to this, as was an exception to the following oral charge: "Now, it seems from the evidence that plaintiff was also guilty of leaving his animal, the mule that was injured, unattended in the street. I think I can charge you as a matter of law that plaintiff is guilty of negligence in that respect. But you must look to see whether that was the proximate cause of the injury, or whether the original negligence

of defendant was the proximate cause; and if you believe that this wagon of plaintiff was standing there unattended, and that there was a driver near, and that the driver saw this runaway team coming towards him, and if this driver negligently failed to draw aside and let the runaway team pass, then, of course, that would be contributory negligence, which would defeat this recovery."

The following charge was refused to defendant: "(4) The court charges the jury that if you believe, from all the evidence, that the mule and team of plaintiff was standing on the street unhitched and unattended, and if you further believe, from all the evidence, that if it had been attended by an ordinarily prudent person, the injury would have been averted, then the injury to said mule would have been due to the contributory negligence of the plaintiff in not having said mule attended by such prudent person, and your verdict should be for the defendant."

McINTOSH & RICH, for appellant. The claim for $55 expended in doctor's bills and medicine in an effort to have the wound cured was not a proper element of damage.—1 Southerland on Damage, p. 57: *Williams v. I. Co.,* 106 Ala. 254. Charge 4 should have been given.—*Griel v. Marks,* 51 Ala. 556; *Bibb v. Mitchell,* 58 Ala. 657. If a new force or power intervenes sufficient of itself to stand as the cause of the misfortune, the other power must be considered too remote.—*Thompson v. L. & N. R. R. Co.,* 91 Ala. 496; *Armstrong v. R. R. Co.,* 123 Ala. 247. The law will refer the damages and injury to the last proximate cause.—*A. G. S. v. Vail,* 142 Ala. 141. The verdict was clearly contrary to the evidence, and a new trial should have been granted.—*Parsons v. The State,* 21 Ala. 300; *McDaniels v. The State,* 76 Ala. 1. Counsel discuss assignments of error relative to evidence, but without citation of authority.

R. W. STOUTZ, for appellee. Where the bill of exceptions does not purport to contain all the evidence, it will be presumed in the appellate court that there was evidence introduced to sustain the rulings of the court as to the evidence and instructions.—*E. P. & T. R. R. Co. v. Slater,* 101 Ala. 245; *Wadsworth v. Williams,* 101 Ala. 264. The damages sought to be stricken were a proper element of damages entering into the case.—13 Cyc. 61; *Ellis v. Hilton,* 43 N. W. 1048; 18 Am. St. Rep. 438; 6 L. R. A. 454. If the animal had recovered the expense of effecting its cure would be the direct consequence of the injury, and such expense could have been recovered. —13 Cyc. 150; *Southern Ry. Co. v. Gilmer,* 143 Ala. 490. Witnesses cannot testify to their motives, wishes or mental status.—*Barnwell v. Stephens,* 142 Ala. 609. The negligence of the plaintiff in leaving its own animal unhitched will not defeat a recovery, it not being the proximate cause.—*West. Ry. v. Mutch,* 97 Ala. 194. The court properly instructed the jury as a matter of law, that the leaving of defendant's team unattended was negligence. —*Gothard v. A. G. S.,* 67 Ala. 120; *Southern Ry. Co. v. Prather,* 119 Ala. 588; 21 A. & E. Ency of Law, 480; 26 Cyc. 1529. The court did not err in refusiing a new trial. The matter complained of is not properly set forth in the record.—*Ex parte H. A. & B. R. R. Co.,* 105 Ala. 221; *R. & D. R. R. Co. v. Jones,* 102 Ala. 212; *Cobb v. Malone,* 92 Ala. 630. On these same authorities even if properly presented the court's action was not erroneous.

ANDERSON, J.—Conceding that the violation of the ordinance in question would be negligence per se, the court invaded the province of the jury in so much of the oral charge as assumed and instructed the jury that the wagon of defendant was left unattended and that the defendant's driver was in effect guilty of negligence

The ordinance prevents the "leaving of a horse," etc., "unattended in the street." "Leaving," as used in this ordinance, means to desert, to abandon, to forsake; hence to give up, to relinquish. It was therefore a question for the jury as to whether or not the defendant's driver violated the ordinance. The witness West testified: "The team was attended by the driver, and being loaded by him, and also by the man who helps to load; but nobody was holding the mules. The driver was right there, and he grabbed the bridle before they had gone 10 feet, and before they struck the mule of the Standard Equipment Company." It is true the witness stated that no one was actually holding the mules; but this did not, of itself, amount to a violation of the ordinance. Nor can it be said that the driver was guilty of negligence per se, regardless of the ordinance, simply because he was not holding the bridle or lines at the time the team started.

The general rule as to the measure of damages for property destroyed or rendered valueless is the market value of same at the time of the injury or destruction, and the interest.—*Southern Ry. v. Gilmer*, 143 Ala. 490, 39 South. 265. While this is the general rule, and it affords full compensation in case of the total destruction of the property or its value, yet there is good authority to the effect, especially in case of injury to animals, that, if the animal is not killed or so injured as to indicate an improbable recovery, the owner has not only the right, but it is his duty, to resort to all prudent and reasonable means to save the animal, and thereby reduce the damages. This is done for the benefit of the defendant, and the owner is entitled, as element of damages, to the reasonable expense, prudently incurred, in his efforts to save the animal. It is insisted that, while this may be the rule in case of a mere injury, it does not

obtain where there is a total destructiion or death of the animal, and when the plaintiff gets the value of the animal he gets full compensation. We are inclined to follow the authorities that hold that the plaintiff is entitled to recover the expenses reasonably and prudently incurred by him in his efforts to save the animal, in addition to the value thereof, in case of the subsequent death of same as the proximate result of the defendant's wrong.—13 Cyc. 61; *Ellis v. Hilton,* 78 Mich. 150, 43 N. W. 1048, 6 L. R. A. 454, 18 Am. St. Rep. 438; *Watson v. Lisbon Bridge Co.,* 14 Me. 201, 31 Am. Dec. 49.

It is also argued that it would be dangerous to permit a recovery for expenses in attempting to cure or restore the animal, in addition to the value thereof, in case of death, as the expenses would exceed the value of the animal. The answer to this is: The law only allows reasonable expenses prudently incurred to save the animal. If the expense exceeded the value of the animal, or is for treating one whose condition was such as to make it apparent that a recovery was hopeless, then it would not be reasonable, and would not be sanctioned. The trial court did not err in not charging out the claim for medicine and treatment of the mule as an element of damages.

Charge 4, requested by the defendant, should have been given. It did no more than to instruct a finding for the defendant, if the jury believed from the evidence, the facts therein hypothesized, and which corresponded with those relied upon in special plea 2.

The trial court committed no reversible error in ruling upon the evidence.

The judgment of the law and equity court is reversed, and the cause remanded.

Reversed and remanded.

Tyson, C. J., and Simpson and Denson, JJ., concur.