[Southern Hardware & Supply Co. v. Standard Equip. Co.]

# Southern Hardware & Sup. Co.
# v. Standard Equip. Co.

*Damages from Runaway Team.*

(Decided Feb. 10, 1910. 51 South. 789.)

1. *Appeal and Error; Record; Review; Evidence.*—Where the bill of exceptions does not purport to contain all or substantially all of the evidence, the action of the trial court in giving or refusing the affirmative charge will not be reviewed.

2. *Same; Assignment; Scope.*—Where an objection is not well taken to all the questions or to all the answers thereto, it will not be considered where the assignment is based on objections to several questions and motions to exclude several answers; nor can such an assignment be reviewed where neither the questions nor the answers are separately set out.

3. *Same; Sufficiency.*—An assignment of error which fails to make it appear as to what particular testimony or as to what particular witness, an objection was addressed, or whether to a part or to the whole of the testimony, but which only asserts that defendant objected to the testimony as offered, is too indefinite and general to be reviewed.

4. *Same.*—Where one of the charges was free from objections, and the assignment of error was collective to the giving of certain charges the assignment will not avail to show error.

5. *Same; Review; Necessity for Bill of Exceptions.*—Where the bill of exceptions does not purport to contain all the evidence, this court cannot review an instruction predicating a finding and verdict upon the evidence.

6. *Same; Harmless Error; Evidence.*—Where the answer to a question is excluded, any error relative to the propounding of the question is rendered harmless.

7. *Witnesses; Examination; Leading Questions.*—It is within the discretion of the trial court as to whether or not it will permit leading questions.

8. *Same.*—In an action for killing a mule, a question to a witness "did you look for any symptoms or evidence of injury after the day on which he was struck?" is not objectionable or misleading

9. *Evidence; Opinion.*—In an action for killing a mule, a question to a witness "might not a bruise or scratch have been there without your observing it" and the answer, "well, there could have been bruises on him that I never noticed, I did not notice him that close" were not objectionable as stating a conclusion.

10. *Animals; Action for Injuries to; Evidence.*—Where the action was for the killing of a mule through defendant's negligence. and the defense was that the mule died of improper treatment after the in-

juries, the mode of treatment and the qualifications of the persons administering it was material.

11. *Charge of Court; Oral Instructions; Construction.*—The oral charge of the court must be construed as a whole, and although portions of the charge when considered alone may be erroneous, yet if, when taken together, as a whole, such portions are not erroneous, no cause for reversal is shown.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by the Standard Equipment Company against the Southern Hardware & Supply Company, for damages for injury to a mule, causing his death, alleged to have been inflicted by the negligence of the defendant's driver, in leaving a team unattended on the streets, which ran away, causing the injury. Judgment for plaintiff and defendant appeals. Affirmed.

McINTOSH & RICH, for appellant.—The court erred in allowing Ramsey to state that he was a man of proper capacity to be foreman of a livery stable and care for animals, etc. His capacity or incapacity could not be shown in this manner.—*Boland v. L. & N. R. R. Co.*, 106 Ala. 461; *Stewart v. Connor*, 13 Ala. 394; 4 Ency. of Evi. 662, and Alabama authorities cited in note 96. The court erred in the admission of evidence as to value. —*L. & N. v. Lischkoff*, 109 Ala. 136; *A. G. S. v. Moore*, 109 Ala. 393. The answer of the witness to the question, "Might not a bruise or scratch have been there without your observing it?" should have been excluded. —*Watson's Case*, 90 Ala. 41. Counsel discuss other assignments of error, but without citation of authority. The court erred in giving charge 1.—*Bir. R. & E. Co. v. City Stables*, 119 Ala. 615. The court erred in giving the other two charges in the same connection.—2 Mayf. 558.

BROOKS & STOUTZ, for appellee.—The bill of exceptions does not set out all of the evidence nor its sub-

stance, and the presumption will be indulged that there
was other evidence justifying the rulings of the court on
the evidence and the charges given.—*E. P. & T. R. R.
Co. v. Slater*, 101 Ala. 245; *Wodsworth v. Williams*,
101 Ala. 264; *Sanders v. Steen*, 128 Ala. 633; *Clardy
v. Walker*, 132 Ala. 264. Counsel insist that there was
no error as to the testimony as to value.—*E. T. V. &
G. v. Watson*, 90 Ala. 44; *A. G. S. v. Moody*, 92 Ala.
283; *Zimmerman Mfg. Co. v. Dunn*, 151 Ala. 440. Coun-
sel discuss other assignments of error relative to evi-
dence, but without citation of authority. The violation
of a city ordinance is negligence per se if its violation
proximately inflicts injury upon another.—*Gothard v.
A. G. S.*, 67 Ala. 120; *Southern Ry. Co. v. Prather*, 119
Ala. 588. Irrespective of the ordinance, the charge of
the court was correct.—*Garlic v. Dorsey*, 48 Ala. 220;
26 Cyc. 1529; 46 Am. St. Dep. 279. The assignment
relative to the given charge was collected.—*Ashford v.
Ashford*, 136 Ala. 633. The 1st charge therein was cor-
rect.—*Western Ry. v. Mutch*, 97 Ala. 194.

MAYFIELD, J.—This was an action by the appellee
against the appellant for negligence in leaving a team
of horses unattended in the streets of the city of Mobile,
in violation of an ordinance of that city; alleging that
in consequence of such negligence the team ran away
and injured a mule, the property of plaintiff. The case
has been before this court, on appeal, once before. See
report of case, 158 Ala. 596, 48 South. 357.

The bill of exceptions does not purport to set out all,
or substantially all of the evidence; consequently there
are assigned, and insisted upon, some errors which we
cannot review on this appeal. This, for the all-sufficient
reason, as has been often declared by this court, that we
cannot know, in this state of the record, whether the

rulings of the court complained of were proper or not, such as the giving or the refusing of the general affirm- ative charge.—*Evansville Co. v. Slater,* 101 Ala. 245, 15 South. 241; *Wadsworth v. Williams,* 101 Ala. 264, 13 South. 755; 5 Mayfield's Dig. p. 100, § 13.

It is insisted by appellee that, in view of this condi- tion of the record, we cannot review any of the errors assigned, in that they all go to the rulings of the court upon the evidence, or to the giving or refusing of in- structions to the jury. We cannot assent to this propo- sition in toto. There are some assignments which we must review, notwithstanding this condition of the rec- ord. This court, in the case of *Bolton v. Cuthbert,* 132 Ala. 406, 31 South. 359 (90 Am. St. Rep. 914), used this language: "While this court has gone very far in indulging the presumption to sustain the judgment of the lower court, where charges are involved, it has never extended it to a case where evidence was improperly admitted or excluded"—citing *Torey v. Burney,* 113 Ala. 496, 21 South. 348; *Postal Co. v. Hulsey,* 115 Ala. 193, 22 South. 854; *De Loach v. Robbins,* 102 Ala. 288, 14 South. 777, 48 Am. St. Rep. 46; *McDonald v. Wood,* 118 Ala. 589, 24 South. 86. In the case of *McDonald v. Wood,* 118 Ala. 596, 24 South. 87, the majority of the court, speaking through Head, J., said: "The bill of exceptions does not purport to contain all the evidence. We cannot, therefore, review the court's findings of fact. But the judgment must be reversed by reason of the re- fusal of the court to permit the contestee to prove that A. O. Everett, or 'Lonny Everett,' as he was generally called, was not a legal voter"—the case being a contest of an election. Justice Coleman, in a dissenting opin- ion in the same case, which was concurred in by Brickell, C. J., reviewed the decisions of this court upon the question. There seems to be no difference between the

majority opinion and the minority opinion, as to the law in such cases; the dissent seems to be based upon what the record showed in that case—this appearing from the language of the dissenting opinion. After stating and quoting the rules of law applicable to such cases, the dissenting opinion continues thus: "I am not sure that the opinion of the court in the case at bar showed that the contest was sustained by a majority of one, and that majority depended upon counting the vote of Everett for Carey, in whose interest the contest was prosecuted, then the court erred in refusing to receive evidence to show that he was not a legal voter, and the cause ought to be reversed. But if the record affirmatively shows that Cary was entitled to a clear majority, after rejecting the vote of Everett, the judgment of the court ought to be affirmed. It is contrary to the established practice of this court, in such cases, to presume there might have been other evidence, not stated, to overcome the affirmative evidence which is stated, and upon such presumption, reverse the case. In my opinion, the record contains sufficient evidence to support the judgment, without counting the vote of Everett for contestant, and the reversal is not founded on correct principles of justice."

The first assignment of error is based solely upon an objection of appellant to the general mode of examining a witness. No objections were interposed to any specific question, nor was any specific ruling of the court invoked. The allowing or denying of leading questions, as a mode of examining witnesses, is largely discretionary with the trial court, and we do not see that this discretion was abused in the instance complained of.

The second and third assignments go to the trial court's allowing plaintiff's attorney to propound to his witness certain questions. It is not necessary to decide

whether or not these questions were leading; if they were so, the court could, in its discretion, allow such questions, and we see no abuse of this discretion, nor error in allowing them at the time and in the manner complained of.

The fourth assignment of error is based upon objections to several questions and motions to exclude several answers. The objection is not well taken to all the questions or to all the answers; and we cannot examine them separately when the objections and motions go to the whole. Neither are the questions or the answers separately set out, so as to admit of our reviewing them.

The fifth assignment of error is too indefinite and too general to be reviewed. It is based upon an objection as follows: "The defendant objected to the testimony as offered." It does not appear to what particular testimony, or to what witnesses it was addressed—whether to a part or the whole. For this reason it cannot be considered.

The sixth assignment goes to an objection to questions, the answers to which were excluded. If error in the first instance, which we do not decide, it was without injury or was cured by excluding the answers.

The seventh, eight, and ninth assignments of error are based upon objections to evidence on the ground that the questions were leading; and it is insisted that the trial court abused its discretion in allowing these and similar questions. We have carefully examined the record, and cannot agree with counsel in the contention that there was any abuse of the discretion. In fact, some of the questions objected to, and made the bases of these assignments of error, were clearly not leading at all, and this is the only objection offered to them. One of these was: "Did you look for any symptoms or

evidence of injury after that day on which he was struck?" This question, occurring as it did, was not subject to this objection, and we can see no abuse of discretion in allowing it or its answer.

There is nothing in the assignments of error which goes to the mode or manner of the proof of the value of the mule injured. The trial court clearly followed the rules often declared by this court; and, moreover, it clearly appears that no injury was done appellant. If it could possibly be said that the court originally erred, as to the proper method of allowing this proof, the error was subsequently corrected, at the request and upon the objections of the appellant. It clearly appears that no injury was suffered by the appellant in this matter.

The eleventh and twelfth assignments of error go respectively to the question, "Might not a bruise or scratch have been there without your observing it?" and the answer thereto, "Well, there could have been bruises on him that I never noticed; I didn't notice him that close." The objections and exceptions based on this question and answer, if not captious or frivolous are certainly without merit.

The thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth assignments of error are equally without merit. They all relate to the questions and answers to prove the competency of one Jenks Smith, a stable foreman, to treat the injured mule in question. Plaintiff contended that the mule died of the injuries inflicted by defendant or its agents; while defendant claimed that it died of improper treatment, in that it died as the result of Smith's sticking a knife in it. The defendant thus made the qualification of Smith a question; hence, the mode of treatment of the animal, and the qualification of Smith, who treated it, became material,

and we can see no valid objection to any of the questions or answers complained of. Moreover, no grounds of objection were stated to the court. The objections were general; the questions certainly were not so palpably bad that the court was bound to sustain a general objection.

So far as the record shows, the court properly declined to give the affirmative charge for defendant. Moreover, the bill of exceptions not purporting to set out all the evidence, we cannot know that it was error to refuse it; or revise the ruling thereon.

The defendant excepted to the following part of the oral charge of the court "And some of the iron struck the plaintiff's mule, and it died as the result of the injury, and that was the proximate cause of its death, then you should find for the plaintiff." If this portion of the oral charge stood alone, and was not qualified by that which precedes, and that which follows it, it would be error, because it is upon the effect of the evidence and thereby invades the province of the jury; but it shows on its face that it is not a complete sentence, much less a complete charge, and, taken in connection with that part of the charge which precedes it and that which follows it, it clearly shows that it was not an invasion of the province of the jury, but was a correct exposition of the law applicable to the issues and evidence in this case. It would be difficult, if not impossible, for any judge or court to deliver a proper charge or instruction, orally, or in writing, from which parts of sentences could not be taken (as was done in this case) that, standing alone, would be error. The part to which exception is reserved must be referred to the context; and when so referred, the above-quoted portion of the oral charge, excepted to, is free from error.

The twentieth assignment of error is collectively to the giving of three charges asked by plaintiff. No one of the charges is numerated or set out or designated otherwise than by the phrase "See record, page 43." On this page of the record we find a charge, or charges, given at the request of the plaintiff; and as it is divided into three paragraphs, and each paragraph begins with the words "The court charges the jury," is is probable that each paragraph constitutes one of the three charges referred to. If so, one of the paragraphs or charges is unquestionably the law—a mere statement of the law of proximate cause—and is free from objection; and as the exception and the assignment go to the three collectively, and not separately, the appellant can take nothing by the assignment.

There was no error in refusing the requested charge of defendant. It is argumentative; and predicates a finding and verdict upon the evidence. The bill of exceptions does not purport to contain all the evidence, so we cannot know that the charge was proper.

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.