## GLAWSON *vs.* WILEY.

[ACTION FOR BREACH OF WARRANTY OF SOUNDNESS OF SLAVE.]

1. *Specific objection to evidence.*—An objection to the admissibility of evidence on a specified ground is an implied waiver of all other grounds of objection, and the appellate court will confine the party objecting to his specifications.
2. *Admission implied from silence.*—When a declaration of the wife is offered in evidence against the husband, and his presence at the time it was made is sufficiently proved to authorize the evidence to go before the jury, it is for them to determine whether he heard the remark,—its pertinence and effect as an implied admission on his part depending upon the fact that he heard it.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by J. McCaleb Wiley, against James Glawson, to recover damages for a breach of warranty of the soundness of a slave, named Phyllis, sold by defendant to plaintiff on the 18th February, 1856. The cause was tried on issue joined, but the record does not show what pleas were filed. On the trial, as appears from the bill of exceptions, after the plaintiff had read in evidence his bill of sale for the girl, and proved her death in April, 1857, he introduced the depositions of two practicing physicians, who had made a *post-mortem* examination of the body, and who testified to the chronic character of the disease which caused her death, and that scarlet fever was one of the exciting causes of said disease. He then introduced one Segars as a witness, who testified, (among other things,) "that he went to defendant's house for the girl, after the trade was completed between him and plaintiff, and there received possession of her for plaintiff, and brought and delivered her to plaintiff. The witness was then asked, what was said by Mrs. Glawson, the defendant's wife, when the girl was delivered to him. The defendant objected to this question, unless it was first shown that he was present and heard what was said by his wife to the witness. The witness then stated, that the defendant was present at his house, with his wife, and delivered the slave; that Mrs. Glawson was sorry to part with her, and she and the children were crying in view of their separation; that while they were getting ready and preparing to leave, the conversation occurred, in which Mrs. Glawson told him to 'take care of the girl, and not to let her get wet, as she had been sick with scarlet fever;' that she was sobbing, and spoke in a subdued tone; that the defendant was present when Mrs. Glawson told witness this, and could have heard what was said if he had ordinary hearing; that he could not state the particular place or position where the defendant was at the time, nor say with certainty that to his knowledge defendant was present and heard what his wife said; but that his best recollection was, that defendant was near by, and where he could have heard it. Upon this state of facts, the court overruled the defendant's objection, and permit-

22

ted the evidence to go to the jury; to which the defendant excepted," and which he now assigns as error.

H. W. HILLIARD, for appellant.

PUGH & BULLOCK, *contra.*

STONE, J.—The rule is settled in this State, that if specific grounds of objection be interposed to the admissibility of evidence, this court will not consider any other grounds than those specified. In such case, if we should be of opinion that there existed other and sufficient grounds of exclusion; still, if there be nothing in the objections stated in the court below, this will furnish no ground of reversal.—Chamberlain v. Masterson, 29 Ala. 299; Walker v .Blassingame, 17 Ala. 810. In this case, the objection was not that the admissions of Mrs. Glawson were received in evidence against her husband. The ground specified was, that the defendant was not shown to have been present when the admission was made. We think the record sufficiently shows his presence to let the evidence go before the jury. It was for them to determine whether he, in fact, did hear the remark. On this depended its pertinence and effect as an admission implied from silence.—Fuller v. Dean, 31 Ala. 654. We need not, and do not, determine whether, if the question were properly before us, the admission made by Mrs. Glawson was proper evidence in this cause.—Liles v. The State, 30 Ala. 24.

Judgment of the circuit court affirmed.