# Clardy *v.* Walker.

*Action on Common Counts.*

(Decided December 18, 1901.)

1. *Appeal; exception; order to clerk to refund money deposited under Code, §* 2633.—Where no exception was reserved to the action of the lower court in ordering the clerk to refund to the defendant money deposited by him on the filing of his affidavit under Code, § 2633, such order will not be reviewed on appeal.

2. *Bill of exceptions; presumptions on appeal; general charge.* Where the bill of exceptions does not show tnat it contains all the evidence, and the general affirmative charge was given for defendant, it will be presumed on appeal that tnere was other evidence which authorized the giving of such charge.

APPEAL from Lamar Circuit Court.

Tried before Hon. S. H. SPROTT.

Action by W. F. Clardy against W. T. Walker on the

[Clardy v. Walker.]

common counts and on a special count alleging a certain amount due on a written contract. The defendant filed an affidavit under section 2633 of the Code, suggesting one Story as claimant. This affidavit was, on motion of plaintiff, stricken from the file, and thereupon the court ordered the clerk to refund to the defendant the money deposited by him. This order is shown by the judgment-entry, as well as by the bill of exceptions, but no exception was reserved thereto. After setting out certain evidence the bill of exceptions recites, "The plaintiff here rested his case," and then shows that the court, at the request of defendant, gave the general affirmative charge in his favor.

DANIEL COLLIER, for appellant.

NESMITH & NESMITH, for appellee.

DOWDELL, J.—There was no exception reserved to the action of the court in ordering the clerk to refund to the defendant the money which had been deposited by him upon the filing of his affidavit under the statute suggesting a claimant, after said affidavit, on motion of the plaintiff, had been stricken from the file.

The only other assignment of error is as to the giving of the affirmative charge requested by the defendant. The case was tried under the plea of the general issue. The bill of exceptions does not purport to set out all of the evidence. Under this state of the record, it has been repeatedly held by this court that the presumption will be indulged that there was other evidence which authorized and warranted the giving of the charge as requested. See *Sanders v. Steen*, 128 Ala. 633, where the authorities are collated, and in addition to the authorities there cited see also *Fleming v. Ussery*, 30 Ala. 282. Let the judgment of the circuit court be affirmed.