# Lamar *v.* King.

*Assumpsit.*

(Decided July 6, 1910.  53 South. 279.)

1. *Appeal and Error; Review; Presumption.*—Where the bill of exceptions does not purport to contain all the evidence it will be presumed on appeal that evidence was introduced that would uphold the rulings of the trial court.

2. *Same; Instructions.*—Where the bill of exceptions does not show that it contains all the evidence this court will not on appeal review the general affirmative charge on the whole case.

3. *Contracts; Maturity of Claim; Burden of Proof.*—Where in connection with the common counts plaintiff also sought to recover on a special contract to pay $1,000.00 upon performance of services with a certain result, the date of payment to be fixed by a certain event, in order to recover the plaintiff was bound to show that everything had been done and every event had happened on which payment was conditioned.

4. *Brokers; Services; Right to Compensation; Evidence.*—Where plaintiff sued on a special contract for services in inducing a conveyance of certain lands to the defendant, when it should be sold to prospective purchasers, it was competent for plaintiff to show the execution of the deed passing title to the land to defendant and the execution by defendant of the purchase money notes.

5. *Same; Form of Transaction.*—Where defendant agreed to pay plaintiff $1,000.00 for his services in procuring a conveyance of

certain mineral lands to defendant and the defendant has received the benefit of plaintiff's efforts in accordance with the contract, the defendant could not by the mere form in which the transaction was subsequently confused impair his obligation to pay.

6. *Same; Evidence.*—Where the plaintiff claimed that the defendant contracted to pay him $1,000.00 for his services in procuring the conveyance of certain mineral lands to the defendant, payment to be made when the defendant sold the lands to others it was competent for the plaintiff to show a deed of the lands so purchased and other land owned by the defendant by which he parted with his title thereto, as showing the happening of an event which fixed the time of payment.

8. *Same; Performance; Instructions.*—Where the plaintiff claimed that the defendant agreed to pay him $1,000.00 for services in procuring the conveyance to defendant of certain mineral lands, payment to be made when defendant sold the land to others, while the defendant's contention was that the land was to be sold so as to net a profit of $1,000.00 each to both plaintiff and defendant, and that plaintiff's right to recover depended on that contingency, a charge referring to the evidence containing certain alleged statements that the defendant was working to make money out of the land and out of others if he could, that he was not working for nothing, and if he could not make money out of the particular track in question, that tract would enable him to sell other lands in connection therewith; also that it made no difference whether defendant made anything out of the land in question because he migh lose on that land and make something out of additional lands, was misleading and prejudicial.

9. *Evidence; Deeds; Certified Copy.*—Where the plaintiff showed that he had not custody of the deeds to certain lands a certified copy thereof became admissible under section 3374, Code 1907, even though the deed was executed to and the note for the purchase price executed by defendant as trustee.

10. *Trial; Reception of Evidence; Effect; Duty to Request Instructions.*—Where evidence was admissible for one purpose it cannot be excluded on the ground that it authorizes inferences and observations unfavorable to defendant; the remedy is by requesting an instruction limiting the scope of the evidence to the issues involved.

11. *Charge of Court; Scope.*—It is the duty of the judge in charging the jury to give the law applicable to all theories presented by the testimony, and if he recapitulates evidence on one side he should recapitulate evidence for the other side, and should refrain from indicating from the matter or manner of his charge his own views as to the effect of the testimony.

APPEAL from Walker Circuit Court.

Heard before Hon. JAMES J. RAY.

Assumpsit by J. L. King against Howard Lamar. Judgment for plaintiff and defendant appeals. Reversed and remanded.

[Lamar v. King.]

· A. F. FITE, for appellant. The evidence discloses that the plaintiff only relied for recovery upon a special contract. It was necessary in order for judgment to be properly rendered in his favor that the evidence show that all the terms of such special contract had been met and that under such special contract he was entitled to recover.—*Anderson v. English*, 121 Ala. 277, 25 So. 748. The parts of the oral charge which were objected to by appellant were upon the effect of the evidence. This was directly violative of the Code, and was error.—Code 1907, Sec. 5362; *White v. State*, 111 Ala. 92, 21 So. 330; *Postal Tel. Co. v. Brantley*, 107 Ala. 686, 18 So. 321; *Espey v. State*, 47 Ala. 535; *Andrews v. State*, 48 So. 863. The judgment which was entered at the direction of the court was different from the verdict of the jury, and the point is properly presented, for revision by the defendant's exception to such action.—*Layman v. Hendrix*, 1 Ala. 212. The verdict which was returned into court by the jury and upon which judgment was rendered for the plaintiff was not sufficient to support a judgment for the sum which was recovered in this case.—*Davidson v. Woodruff*, 63 Ala. 432; Black on Judgments, Sec. 142; *Reid v. Dunklin*, 5 Ala. 206; *St. Clair v. Caldwell*, 72 Ala. 527; *Kankakee Stove Co. v. Cogan*, 74 Ill. App. 78.

D. A. McGREGOR, for appellee. The court properly overruled demurrers to the complaint.—Form 10, Sec. 5382, Code 1907. Count 5 was sufficient.—Sec. 5321, Code 1907. The court's oral charge was not erroneous as the court had a right to recapitulate the evidence.— *Hawse v. The State*, 88 Ala. 37. The verdict was responsive to the issues, and it was the duty of the court in the presence of the jury to so mould and work out the form of the verdict as to make it legal.—*City Coun-*

*cil of Montgomery v. Shirley,* 48 So. 681; *Chambers v. Walker,* 42 Ala. 445; 7 Port. 218; 124 U. S. 510.

SAYRE, J.—It appeared in the evidence without contradiction that no money came into the hands of Lamar as the result of his and plaintiff's joint enterprise which the latter was entitled to receive ex equo bono. And the court's general oral charge to the jury, as well as special charges in writing given on request of the defendant, show conclusively that the trial court so considered and treated the case. So will we. But the insistence was and is that the case was properly submitted to the decision of the jury on the issue whether defendant had made a promise to pay plaintiff the round sum of $1,000 conditioned only upon defendant's obtaining title to the Leonard land with plaintiff's assistance, payable when defendant should dispose of the land; that is, whether defendant assumed a personal obligation to pay to the plaintiff the sum in the event and at the time specified. There can be no sort of question that plaintiff and defendant undertook to get control of a large tract of mineral land then owned in separate parcels by a number of other persons with the purpose of disposing of the consolidated tract to purchasers then in view at an anticipated price which would produce a profit of $1,000 to each of them. Prior to the joint undertaking defendant had in view the purchase of certain lands, or an option upon them. Plaintiff's participation in the project was deemed by defendant to be desirable, and perhaps necessary, for the reason that he stood in such relation to Leonard, who owned a tract, as that it was supposed that he would be able to induce Leonard to sell at a price which would permit the anticipated profit. And the Leonard tract was so situated as to constitute the key to the situation—the other lands would not be available as a tract, contiguous in

[Lamar v. King.]

its parts, for the purpose then in view except in conjunction with the land owned by Leonard. There are one or two general expressions in plaintiff's testimony which standing alone lend color to the contention that the defendant gave his personal obligation to pay on condition that he should be able to get a deed or an option on the Leonard land, and that without regard to whether or not he should be able to realize a profit. But, when recourse is had to the facts detailed in his evidence, it is to be seen clearly, as we think, that such was not the understanding and agreement of the parties. But for proper limitation upon the space to be occupied by this case we might quote the plaintiff's testimony in extenso to sustain this conclusion. We will, however, state only its salient features, following therein closely plaintiff's language, and be content with observing, by way of conclusion, that it shows that plaintiff and defendant embarked upon the enterprise on equal terms as joint adventurers. Defendant was not expected to purchase the lands for his own use, but only to acquire an option on them which would be disposed of to prospective purchasers, or, if he acquired title, it was to be only as a conduit through which the title should pass from the then owners to the expected purchasers; and so, after some difficulties and delay, the matter eventuated, though without profit or commission actually realized by the defendant on the price of the land in which the plaintiff was interested. Plaintiff and defendant were each to make $1,000 out of the transaction, this upon the anticipation that Leonard was to give an option on his land at $10,000 which was to be disposed of at $12,000. Defendant was to put the land upon the market and sell it. His statement to plaintiff was that Leake (who was the agent through whom defendant was to reach the prospective purchasers) was to see that he

(plaintiff) got the $1,000. Defendant told plaintiff that Leake said he would guarantee them $1,000 in the deal. The land was not to be sold to defendant. It was to be made over to him to sell. He was to sell it for enough to get out of it $1,000 for each of them. The money was to come from the purchasers. Defendant was also to have $1,000 out of the trade. And finally, on the day when defendant got a deed from Leonard, there was an agreement that as soon as the land was sold, as soon as the trade went through, both plaintiff and defendant were to have. $1,000. This is the aspect of the case presented by the plaintiff's testimony, and on it, and the fact undisputed, and so treated by the trial court, that defendant had not up to the time of the trial realized profit or commission, the plaintiff was not entitled to recover.

But, while the bill of exceptions was drawn in a way which indicates with a degree of probability that it contains the evidence upon which the case was tried, there is no formal statement that such is the case. nor the equivalent of any such statement. This court has in a great number of cases rigorously applied the rule that, where a bill of exceptions fails affirmatively to show that it contains all the evidence, any state of the evidence will be presumed to uphold the rulings of the trial court. A case especially in point is *Southern Mutual Ins. Co. v. Holcombe,* 35 Ala. 327, followed recently in *Lewis Land Co. v. Interstate Lumber Co.,* 163 Ala. 592, 50 South. 1036. In each of those cases the bill of exceptions was framed as is the bill here. We must, therefore, consider the various rulings assigned for error upon the hypothesis, where that hypothesis will save error, that there was evidence which justified the submission to the jury of the issue whether defendant did enter into a personal obligation to pay plaintiff the

[Lamar v. King.]

sum of $1,000 for services to be rendered in procuring a conveyance to defendant of the Leonard land, conditioned only upon his acquiring that land, and payable when it should be sold to prospective purchasers.

The demurrers to amended counts 4 and 5 were without merit. Those counts allege plaintiff's cause of action perspicuously and intelligibly, leave no room for misunderstanding, and comply with the requirements of the Code, § 5321.

Having stated a case on the common counts, plaintiff sought to recover by showing a special contract to pay a round sum on the performance of services with a certain result, the date of payment to be fixed by a certain event. In order to recover, it was not only proper, but necessary, that plaintiff should show that everything had been done and every event had happened upon which payment was conditioned. That being done, plaintiff would have been entitled to recover as upon an account stated.—*Ala. & Tenn. Rivers R. R. Co. v. Nabors,* 37 Ala. 489. On this theory of the case, it was competent for the plaintiff to prove the deed passing title from Leonard to defendant and the execution of defendant's note for the purchase money, these being circumstances going to show that defendant had become a purchaser, as on plaintiff's theory he must have been in order to charge the defendant. The objections to the relevancy of the deed proceeded in the main upon the idea that plaintiff had not proved a promise to pay conditioned only upon the acquisition of control of the title, and that, therefore, the deed and note had no tendency to make out the case alleged. But assuming, as we must for reasons already indicated, that there was evidence to show such a promise as plaintiff relied on, the facts here shown were not only relevant, but essential, to plaintiff's case. As for the form of the evidence—a

certified copy—the deed appears to have been proved as
provided by statute and upon the laying of a proper
predicate.—Code, § 3374. And this was true, although
the deed was executed to and the note made by the de-
fendant as trustee. Defendant, if he received the benefit
of plaintiff's efforts in accordance with the contract,
could not by putting the transaction in one form or an-
other impair the obligation of his contract to pay. In-
deed, according to plaintiff's testimony, it was not ex-
pected that defendant was to become the beneficial own-
er of the land, but only that he should be in a position to
direct the disposition of the title. Whether there has been
compliance with the contract was a question for the
jury.

So in respect to the introduction of the deed from
defendant to Allen. Its relevant purpose was to show
the happening of the event which fixed the time of pay-
ment. Its connection with the Leonard land was ob-
vious, for it was a conveyance of that land along with
others. Nor could it have been excluded on the ground
that it possibly opened the way to inferences and obser-
vations unfavorable to the defendant. If those infer-
ences reached beyond the issues presented by the case
under consideration, and it was apprehended that they
might prejudicially affect defendant's credit with the
jury, his remedy was to guard against that result by
proper instructions. Here, as elsewhere, appellant's
argument seems to be influenced by the supposition that
the entire evidence upon which this case was tried is
presented by the bill of exceptions. But such is not the
case, as we have said. *Alabama Midland Ry. Co. v.
Coskry,* 92 Ala. 254, 9 South. 202, cited by appellant, is
not an authority against the admissibility of the deed.
That case touched upon the propriety of parol proof of-
fered of the contents of a paper writing. Here the

question was upon the introduction of a certified copy of a deed presumptively in the custody and under the control of the grantee who was not a party to the suit.

Those assignments of error in which the appellant complains of special charges given and refused cannot be considered. They are general affirmative charges to count 7 and upon the whole case, and require, of course, a consideration of the entire testimony adduced in the court below.

We are impressed, however, with the proposition that there was error in some parts of the court's oral charge. As indicating the basis of our opinion in this connection, it will suffice to quote some expressions used by this court in *Andrews v. State*, 159 Ala. 14, 48 South. 858. We there said: "In charging the jury, it is the duty of the judge to give the law applicable to all theories presented by the testimony, and, if he recapitulates the evidence on one side, to recapitulate it also on the other side, and not to indicate, by the matter or manner of the charge, what his own views are as to the effect of the testimony"—citing authorities. In the present case the court's entire charge appears in the record. And in one part of it the court summarized the contentions of the respective parties as follows: "Now, as stated, Mr. King's contention is that he had a contract with Mr. Lamar, by the terms of which Mr. Lamar agreed to pay him $1,000 for certain services which he says he performed, and that was to be due and payable when Mr. Lamar sold the lands, not necessarily to any particular one, as I understand the evidence. Now, you have heard what Mr. King's contention is, that he sold it, that Mr. Lamar was to pay him $1,000, and it seems from the testimony of both that that was to have come out of what was paid them, but in a further part of

Mr. King's testimony it is contended that Mr. Lamar agreed to pay him $1,000 if he could get the land—anyway when he sold it he was to pay him that—and it was insisted by the plaintiff's attorneys that Mr. Lamar had other lands that he had gotten up and that this land enabled him to make a sale of the others. And this is what Mr. Lamar says: "That while he might have sold the others without it that it was beneficial to him and that he wanted it, and that he was working to make money out of this land and out of the others if he could. He wasn't working for nothing, but was working to make money out of it, and, if he couldn't make money out of this particular tract, it would enable him to sell the other. He explains the reason why he wanted it, whether he made anything out of this land or not, because he might lose making something out of it and make something out of the other." Appellant separately excepted to and assigns for error parts of the quoted extract as follows: "And that he was working to make money out of this land and out of the others if he could." And this: "He wasn't working for nothing, but was working to make money out of it, and, if he couldn't make any money out of this particular tract, it would enable him to sell the other." And the bill of exceptions set out an exception to the following portion of said charge, to wit: "And it doesn't make any difference whether he made anything out of this land or not, because he might lose making something on this and make something out of the other." The exception last noted must be disposed of with the observation that just the language complained of does not appear in the charge as set out in the transcript. The other parts of the charge, however, when read in connection with the context and in connection with the defendant's evidence, constituted an erroneous, misleading, and injurious

statement of defendant's contention. The considerations stated were just the considerations which would have led the jury to a finding that defendant had undertaken and agreed to become personally liable to plaintiff in the sum of $1,000 conditioned only upon defendant's acquiring an option on the Leonard land. On the theory that there may have been evidence to that effect, though not appearing in the bill of exceptions, that may have been an issue for the determination of the jury, but certainly every contention made by the defendant was coupled with and qualified by his insistence that he assumed no personal liability whatever, and, as we have seen, the testimony of the plaintiff gave him ample support in that position. This statement of the case to the jury left defendant at a disadvantage which we judge from an inspection of the entire record operated prejudicially to him in the result of the trial. And for this the cause will be reversed.

It is needless to consider other exceptions assigned for error. There is no probability that they will recur in the form now presented.

Reversed and remanded.

ANDERSON, MAYFIELD, and EVANS, JJ., concur.