# Middlebrooks *v.* Sanders.

## *Ejectment.*

(Decided April 17, 1913. Rehearing denied May 8, 1913.
61 South. 898.)

1. *Appeal and Error; Review; Presumptions.*—Where the action is ejectment where all issues and defenses may be made under the general issue, and the bill of exceptions did not purport to set out all the evidence, or all its tendencies, it will be presumed that there was evidence justifying the giving of the affirmative charge on the issues of title by deed and adverse possession, notwithstanding such instruction was invasive of the province of the jury so far as the record shows.

2. *Evidence; Conclusion.*—A question to a witness "after you deeded that lot to F. and the other lot to P., did you then have a strip of land remaining there?" calls for a conclusion of the witness.

3. *Boundaries; Location; Evidence.*—Although the deed furnished the means for locating the boundaries of the land, yet, their actual location being an independent inquiry, the witness could properly testify as to where they were.

4. *Bill of Exceptions; Construction; Evidence.*—Where the bill merely showed that the parties offered certain witnesses who testified as shown, that at certain stages the parties rested or re-opened the case respectively, that after the testimony of a certain witness the testimony was closed, and that "at the conclusion of the testimony the court gave the following charges," it does not show that it contained all the evidence on which the trial was held.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by G. B. Middlebrooks against Nancy F. Saunders. Judgment for defendant and plaintiff appeals. Affirmed.

GAINES & MATHIS and B. F. REID, for appellant. Counsel discuss the assignment of errors as to evidence and the giving and refusing of charges with the insistence that they were erroneous and prejudicial to appellant, but they cite no authorities in support of their contentions.

ESPY & FARMER, for appellee. The bill of exceptions does not purport to set out all the evidence offered on the trial and hence this court will not review the action of the trial court in directing the verdict.—*Wolff v. Doe Ex. Dem. DeLage,* 150 Ala. 645; *Evansville P. & T. R. P. Co. v. Slater,* 101 Ala. 247; *Barnett v. Wilson,* 132 Ala. 376; *Hunt v. Johnson,* 96 Ala. 130. . The appellee was entitled to the affirmative charge and hence any errors that intervened were without injury to the appellant.—*Moody v. Walter,* 89 Ala. 620; *Adair v. Stovall,* 148 Ala. 466.

SOMERVILLE, J.—Appellant brought ejectment for a strip of land 26 feet and 8 inches wide, lying between the respective properties of plaintiff and defendant in the city of Dothan. Jerkins, the original owner of the entire tract, had verbally agreed to convey to one Folsom a southwest corner lot facing 105 feet on Foster street on the west. The street corners not being located on the ground, the northwest corner of the Folsom lot had not been definitely located, and hence its future northern boundary was not known. Nevertheless, under those conditions Jerkins executed a deed to one Pilcher, through whom defendant claims, making the *northern* boundary of the Folsom lot the *southern* boundary of the Pilcher lot, which faced 120 feet on Foster street. After the deed was made to Pilcher, his lot was measured off and the line agreed to between him and Jerkins. . Afterwards a deed was made to Folsom but for a less frontage than originally contemplated, so that between the Folsom lot, as actually conveyed, and the Pilcher lot, as actually located and held, there remained a strip of about 26 feet. Still later Folsom sold his lot to plaintiff, Mrs. Middlebrooks, and in 1908 Jerkins executed to her a deed to the lot lying between

[Middlebrooks v. Sanders.]

the Sanders (Pilcher) lot on the north and the Middlebrooks (Folsom) lot on the south, with no other mode of description. It is obvious that, so far as the paper title is concerned, the inquiry hinges upon the location of the northern boundary of the Folsom lot as originally known to and mutually understood by Jerkins and Pilcher.

The uncontroverted testimony shows that defendant, Mrs. Sanders, took actual possession of a lot facing 120 feet on Foster street, which was fenced on the south, and that several years later she removed this fence and built a new one 26 feet further south, thereby inclosing the western portion of the disputed strip; the new fence not extending across to the eastern boundary. This, according to Jerkins, was pursuant to a permission given by him to defendant's husband, who had charge of her land. On the issue of defendant's claim of adverse possession, the evidence was confused and conflicting, and the issue was clearly one for the jury.

On the written request of defendant, the trial judge instructed the jury, upon the usual hypothesis, to "find for the plaintiff for a strip of land on the south side of the land sued for 6 feet and 9 inches wide on the west side, and 12 feet and 5 inches wide on the east side of said land," and also to find for the defendant for the balance of the land sued for. We find nothing in the record to justify these instructions. They invaded the province of the jury on the issues of title by deed and adverse possession, as to which the evidence was, to say the least for plaintiff, in material dispute, and were therefore erroneous if the evidence shown by the bill of exceptions was all the evidence before the court. But the bill of exceptions does not purport to set out all the evidence nor all of its tendencies. And in the action of ejectment, where all issues and all de-

fenses may be made under the general issue, we must presume that there was evidence to justify what otherwise appears to be an unwarranted arbitration of the issue by the court.—*Beard v. Du Bose,* 175 Ala. 411, 57 South. 703, wherein ejectment cases are shown to be excluded from the rule of decision announced in *Baker v. Patterson,* 171 Ala. 88, 55 South. 135, and *Handley v. Shaffer,* 177 Ala. 636, 59 South. 286. On the showing of the bill, the trial court will not be put in error for giving the charges complained of.

The question to plaintiff's witness Jerkins, "After you deeded that lot to Mr. Folsom and the other lot to Mr. Pilcher, did you then have a strip of land remaining there?" called for the conclusion of the witness and invaded the province of the jury and was therefore properly excluded on defendant's objection.

There was no error in allowing defendant's question to her witness, Sanders, "Where were the boundaries of this land on the south side?" While the deed to Pilcher furnished the means for locating the boundaries, their actual location was an independent inquiry.

We find no merit in the assignments of error, and the judgment is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.

### ON REHEARING.

SOMERVILLE, J.—Counsel for appellant invite our re-examination of the bill of exceptions with a view to the vindication of their claim that, properly and fairly interpreted, it does in fact show that it contains all the evidence upon which the trial was had in the court below. We have examined the bill and its recitals with due care. It merely shows that the parties offered cer-

[Middlebrooks v. Sanders.]

tain witnesses who testified as shown; that at certain stages the plaintiff and defendant, respectively, rested or reopened the case; that after the testimony of a certain witness the testimony was closed; and that "at the conclusion of the testimony the court gave the following charges," viz., the charges complained of. It may be conceded that our decisions do not require that the completeness of the bill of exceptions shall be evidenced by a specific recital that it contains all the evidence. —*Alexander v. Wheeler,* 69 Ala. 232. It must, however, affirmatively and clearly appear that it does contain all the evidence, when that fact is necessary to a proper review of the rulings assigned for error.—*Lamar v. King,* 168 Ala. 285, 53 South. 279. And, in estimating the efficiency of its recitals in this particular, they will be construed more strongly against the appellant when their language is not reasonably clear and certain to the conclusion required.—*S. M. Ins. Co. v. Holcombe,* 35 Ala. 328; *Dickens v. State,* 142 Ala. 51, 39 South. 14, 110 Am. St. Rep. 17.

We are unable to agree with counsel that the structure and recitals of the present bill are inconsistent with a reasonable supposition that other evidence not shown by the bill was offered during the trial, and we are impelled to the indulgence of that supposition in support of the action of the trial court. Counsel rely upon the cases of *Walker v. Carroll,* 65 Ala. 61, and *Alexander v. Wheeler,* 69 Ala. 332. It is to be observed of these cases that the recital of the bill of exceptions in the former was that "upon this evidence the defendants asked the court in writing to charge the jury as follows"; and in the latter it was that, "the foregoing evidence being before the jury," the court gave certain charges. Thus the recital in each case designated the evidence set out in the bill as the evidence upon which

the charges were requested or given, thereby fairly excluding the implication that there might have been other evidence before the court. In the instant bill there is no designation of the evidence charged upon, and it cannot be said that the evidence is presented in such a way as to show an unbroken sequence to the exclusion of other material incidents at all points of the trial. Recent applications of the rule will be found in the cases of *Lewis, etc., Co. v. Int. Lumber Co.*, 163 Ala. 592, 50 South. 1036, and *Lamar v. King*, 168 Ala. 285, 53 South. 279.