(97 South. 638)

MOONEYHAM v. HERRING. (4 Div. 77.)

(Supreme Court of Alabama. Oct. 11, 1923.)

1. Landlord and tenant ⬅➡328(2)—Lien on crops, raised by tenant's wife, held dependent on whether she occupied premises as husband's subtenant.

A lien on crops grown by the wife of plaintiff's tenant while the latter was away *held* dependent on whether she occupied the premises as subtenant under her husband, against whom, as plaintiff's tenant, the writ of attachment was issued.

2. Landlord and tenant ⬅➡331(6)—Evidence of payment of rent and agreement as to ownership of crops by tenant's wife held admissible on her claim in landlord's attachment suit against the husband.

In a landlord's suit to attach crops grown by claimant, who was the tenant's wife, who plaintiff contended occupied the premises as a subtenant under her husband, evidence that she had paid the rent assumed by her, according to her theory that she was a tenant in chief under plaintiff, was admissible, though irrelevant in the event of such a finding, as was also

evidence that, by an arrangement between her and her husband, the crops were to belong to her, and that plaintiff had released or waived his lien for the debt, other than rent, by accepting a different security.

**3. Appeal and error ⚖⇒907(4)—Evidence sustaining ruling presumed, where bill of exceptions does not set out all the evidence.**

Where the bill of exceptions does not set out all the evidence or its tendencies, it will be presumed that evidence was introduced upholding the trial court's ruling.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Attachment suit by N. H. Mooneyham, against J. F. Herring, Mrs. J. F. Herring, claimant. From a judgment for claimant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

G. E. Jones, G. W. Peach, and E. W. Norton, of Clayton, for appellant.

When the verdict is plainly and palpably opposed to the evidence, a new trial should be ordered. W. Ry. v. Mutch, 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179; Birmingham Elec. Ry. Co. v. Clay, 108 Ala. 233, 19 South. 309; Mary Lee Co. v. Chambliss, 97 Ala. 171, 11 South. 897. Counsel discuss other errors assigned, but without citing additional authorities.

H. L. Martin, of Ozark, and McDowell & McDowell, of Eufaula, for appellee.

The bill of exceptions does not purport to contain all the evidence, and it will be presumed there was evidence to support the action of the court in denying motion for new trial, and in instructing the jury. Middlebrooks v. Sanders, 180 Ala. 407, 61 South. 898; Jones v. Spear, 204 Ala. 402, 85 South. 472; Gulf States Steel Co. v. Comstock, 17 Ala. App. 430, 85 South. 305; Morgan v. Embry, 17 Ala. App. 276, 85 South. 580; Kay v. Elston, 205 Ala. 307, 87 South. 525; Mudd v. Gray, 200 Ala. 92, 75 South. 468; City Cleaning Co. v. B'ham Water Co., 204 Ala. 51, 85 South. 291; Ex parte Washburn, 201 Ala. 698, 77 South. 1002. Objections to the oral charge should be to particular parts; not to substance. Coca-Cola Bot. Co. v. Barksdale, 17 Ala. App. 606, 88 South. 36.

SAYRE, J. The report of a former appeal may be found in 204 Ala. 332, 85 South. 390, where the nature of the case is stated. On the trial which followed the return of the cause to the circuit court, a jury again found for the claimant, and again the plaintiff has appealed.

[1] The first fifty-seven assignments of error are treated generally, and not in detail, in appellant's brief, and we have found no compelling reason why we should treat them differently. Our judgment is that most of the evidence admitted over appellant's objection was relevant to the issue whether claimant occupied the premises as subtenant under her husband, as appellant claimed, or as tenant in chief under appellant, as the claimant, appellee, claimed, appellant's lien on the crops grown on the place depending on a finding that claimant occupied the premises as subtenant under her husband—this for the reason that, without dispute, the crops were raised by claimant and her children while defendant was away at work on the county roads, and because the writ of attachment was issued against defendant as plaintiff's tenant and debtor.

[2] True, evidence was admitted with the purpose and tending to prove that claimant had paid in one way and another the full amount of the rent she, according to her theory of the relation between herself and the plaintiff, had assumed to pay as rent for the premises, and this evidence was irrelevant in the event of a finding that the claimant was tenant in chief under plaintiff; but plaintiff denied the relation to be as claimant contended, and introduced evidence tending to support his contention, and, in the event of a finding for plaintiff on this issue, the evidence here in question was admissible as going to prove payment of the rent, and so also and in like event was the evidence admissible which claimant introduced to show the arrangement between herself and her husband, defendant in attachment, by which the crops she raised were to belong to her, and that plaintiff had released or waived his lien for the debt, other than rent, by accepting a different security, so that, in any event, the crops levied on were not subject to plaintiff's attachment.

On considerations like unto those stated in the paragraph next above, the court's oral instruction to the jury, complained of in assignments of error 58 and 59, does not appear to have been erroneous—this we say notwithstanding the exception failed to point out with sufficient specification the part of the charge excepted to.

[3] As to the motion for a new trial: The bill of exceptions does not purport to set out all the evidence nor all its tendencies. Lamar v. King, 168 Ala. 290, 53 South. 279. In this state of the record it will be presumed on appeal that evidence was introduced that would uphold the ruling of the trial court. 168 Ala. 290, 53 South. 279.

The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes