BAILEY v. GRIFFIN 219
(211 Ala.)

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

---

(100 South. 242)

**BAILEY v. GRIFFIN.** (2 Div. 836.)

(Supreme Court of Alabama. May 1, 1924.)

**1. Appeal and error ⬗677—Overruling motion to quash summons and process presumed proper, where record discloses no evidence in support of motion.**

Where there is no evidence in record to sustain facts averred in motion to quash summons and process because summons failed to summon defendant to appear in any certain court, trial court cannot be put in error for overruling motion.

**2. Witnesses ⬗255(2)—Permitting witness to refresh memory from memorandum of articles sold to defendant held without error.**

Where itemized statement of goods sold was made by witness who stated he sold each article in it to defendant, which were delivered, that he knew it was correct, and had personal knowledge of items sold and mentioned in it, there was no error in permitting him to refresh memory therefrom.

Appeal from Circuit Court, Marengo County; John McKinley, Judge.

Action on the common counts by C. W. Griffin against W. E. Bailey. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

George Pegram, of Faunsdale, for appellant.

A summons which fails to designate the court in which the defendant is required to appear and defend the suit is fatally defective. Waddill v. John, 48 Ala. 232; Crane v. Brannan, 3 Cal. 192; Williams v. State, 48 Ala. 85. A memorandum taken from the books of account of a witness cannot be used to refresh his memory. Stoudenmire v. Harper, 81 Ala. 242, 1 South. 857; Wellman v. Jones, 124 Ala. 580, 27 South. 416. A copy of the entries in a book is not admissible in evidence, unless the absence of the original is satisfactorily accounted for. Calloway v. Varner, 77 Ala. 541, 54 Am. Rep. 78; Acklen v. Hickman, 63 Ala. 494, 35 Am. Rep. 54.

W. F. Herbert, of Demopolis, for appellee.

The testimony shows that the plaintiff made the memorandum and knew that the same was correct; the court did not err in permitting him to use the same to refresh his memory. Acklen v. Hickman, 63 Ala. 494, 35 Am. Rep. 54; Warten v. Black, 195 Ala. 93, 70 South. 758; Rogers v. State, 15 Ala. App. 148, 72 South. 689; Singleton v. Doe, ex dem., 184 Ala. 199, 63 South. 949; Riley v. Fletcher, 185 Ala. 579, 64 South. 85; Stokes v. State, 13 Ala. App. 294, 69 South. 303; B. R., L. & P. Co. v. Seaborn, 168 Ala. 658, 53 South. 241; Billingslea v. State, 85 Ala. 323, 5 South. 137.

MILLER, J. This is a suit by G. W. Griffin against W. E. Bailey for $400. The action is stated in the complaint under the common counts. The defendant pleaded general issue, statute of limitations of three years, and by special plea claims of plaintiff $724.50 for the conversion of certain property by plaintiff, belonging to defendant, which property is described in the plea. The jury returned a verdict in favor of the plaintiff; judgment was rendered on it by the court, and from that judgment defendant prosecutes this appeal.

[1] The defendant before entering on the trial appeared specially and moved to quash the summons and process, and to strike the cause from the docket, because the summons issued and served on the defendant is defective in failing to summon the defendant to appear in any certain court: It fails to state or show in what court the defendant should appear; it fails to notify the defendant to appear in any special court.

The judgment entry of the court states:

"Defendant files motion to quash the summons, which said motion being considered by the court, it is the order and judgment of the court that the same be and is hereby overruled."

The judgment does not show any exception reserved by the defendant, to the ruling of

the court. Neither the motion nor the ruling of the court on it is mentioned in the bill of exceptions. There is nothing in the record to indicate that any evidence was offered to sustain the averments of the motion. We find no introduction in evidence of the copy of the summons served on the defendant, and find no proof offered as to its contents to sustain the motion; the copy served on the defendant is not in the record. The original summons, but not the copy, is in the record. The motion and facts averred therein to sustain it are not evidence. There must be some proof offered to sustain the motion. That burden rested on the movant, the defendant. This court will presume the judgment of the court overruling the motion is free from error until the contrary appears in the record in a proper way. We find in the record no evidence introduced by the defendant to sustain the facts averred in the grounds of his motion; so we must hold the court did not err in overruling the motion. Beadle v. Davidson, 75 Ala. 494; McCord v. Bridges, 207 Ala. 376, 92 South. 447; Torrey v. Bishop, 104 Ala. 548, 16 South. 422.

[2] The plaintiff filed with the complaint an itemized statement of the account, verified by affidavit, showing each item sold by plaintiff to the defendant. The defendant filed an affidavit denying the correctness of the account and disputed each item in it. The plaintiff on his examination as a witness had this itemized statement in his hand. It was not offered or introduced in evidence by plaintiff. He testified:

"He made this memorandum from the books; that it was correct; that he had independent recollection of the transaction with Mr. Bailey and the articles sold him, irrespective of that memorandum."

And he further stated:

"I do not know that I could verbatim to each and every one, but the sum and substance * * * could be given by me without the memorandum."

The plaintiff's attorney asked the plaintiff the following question:

"Q. Just state to the jury, Mr. Griffin, the articles you sold Mr. Bailey on November 1, 1919?"

And the witness referring to said memorandum answered as follows:

"A. There was a dresser, a chifforobe, bedstead, and spring, a rattan rocking chair, a straight chair, and a wash stand. I was going to state, if permissible, that that consists of a lot of accumulations of furniture that has been bought during my period of keeping house, and then the other consists of a living room suite, which is a davenport, a library table and a rocking chair and a straight chair and an end table and a little fern stand."

Thereupon the defendant moved to exclude said answer of said witness on the grounds that the witness was not qualified to testify from the memorandum, that it was parol testimony of what had been shown to have been reduced to writing, that the book of the witness in which the entry was made was the best evidence, and that the original memorandum had not been accounted for in such way as to permit secondary evidence. The court overruled the motion of the defendant, and the defendant then and there duly excepted.

This itemized statement was made by the witness; he sold each article in it to the defendant; the articles were delivered to the defendant; he knew it was correct; he had personal knowledge of the items sold, and mentioned in it. The court did not err in allowing him to look at it, refresh his memory from it, and give the foregoing testimony to the jury. Warten v. Black, 195 Ala. 93, headnote 2, 70 South. 758; Acklen v. Hickman, 63 Ala. 494, headnote 1, 35 Am. Rep. 54; Singleton v. Smith, 184 Ala. 199, headnote 1, 63 South. 949; Riley v. Fletcher, 185 Ala. 570, headnote 1, 64 South. 85.

We find no error in the record, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.