(105 So. 691)

**YATES v. DOBSON.** (5 Div. 924.)

(Supreme Court of Alabama. Oct. 15, 1925.)

1. Appearance ⊜⇒20—Notice of filing claim of exemption waived by voluntary appearance and written contest.

Notice to plaintiff of filing of claim of exemption of bank deposit garnisheed was waived by plaintiff voluntarily appearing and filing written contest, under Code 1923, § 7908, if such notice was necessary.

2. Time ⊜⇒9(1)—Defendant's inventory held filed within statutory time after service of demand and notice.

Inventory of defendant's personalty, filed February 17, after service of written demand

and notice by plaintiff on February 7, was filed within 10 days allowed by Code 1923, § 7900; first day being excluded and last included under section 13.

**3. Exemptions &lrm; ⊂⇒123—Ground of motion to strike defendant's inventory held too general as not stating in what particular it failed to comply with statute.**

Ground of plaintiff's motion to strike defendant's inventory, that latter was not legally and properly made and does not show for what purpose it was filed, *held* too general as not stating in what particular it failed to comply with Code 1923, § 7900.

**4. Appeal and error  ⊂⇒901—Trial court's rulings presumed free from error.**

Trial court's rulings will be presumed free from error until contrary affirmatively appears from record.

**5. Appeal and error  ⊂⇒907(3)—Any state of evidence upholding trial court's rulings and judgment presumed, in absence of evidence or bill of exceptions.**

On appeal on record proper, showing no evidence on issue contesting defendant's claim of exemptions in garnishment suit tried by court without jury, there being no bill of exceptions, Supreme Court will presume any state of evidence to uphold trial court's rulings and judgment.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Garnishment suit by D. M. Yates against W. W. Dobson. From a judgment for defendant on contested claim of exemptions, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Hooton & Moon, of Roanoke, for appellant.

Counsel argue for error, in the rulings assigned and treated but without citing authorities.

C. W. Clegg, of Wedowee, for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. D. M. Yates, plaintiff in judgment against W. W. Dobson, defendant, sued out a writ of garnishment on the judgment against the Merchants' & Farmers' Bank, a corporation. The garnishee answered, stating under oath that defendant in the judgment had the sum of $550.30 on deposit with it. The defendant filed claim to this money, $550.30, as exempt. The plaintiff contested the exemption claim on the grounds the claim is invalid; that it is invalid in part or is excessive, in that he fails to state the true value of said property, and it is excessive in its entirety; that the different articles of personal property and choses in action claimed are listed in value thereon below the actual value thereof. The issue on the contest of the claim of exemption was tried by the court without a jury, and on proof the court rendered judgment in favor of the defendant, and discharged the garnishee. This appeal is prosecuted by the plaintiff from that judgment.

[1] The court overruled the written motion of the plaintiff to strike the claim of exemptions filed by defendant, and in this the court did not err. This motion is based on only one ground stated therein; i. e. "that defendant gave plaintiff no notice in writing as required by law that defendant had filed a claim of exemptions." This motion was filed February 18, 1925, and it appears the plaintiff had previously, on August 21, 1924, filed a written contest of this claim of exemptions, and plaintiff had on February 6, 1925, filed an additional ground of contest of it, and had notice of the institution of the contest by him served on the defendant on February 7, 1925. If notice to plaintiff of the filing of this claim of exemption in the cause was necessary, which we do not decide (see section 7908, Code 1923), it was waived by plaintiff voluntarily appearing in court, and filing a written contest of it under the statute. Ward v. Manly, 113 Ala. 631, 21 So. 307; Stull v. Daniel, 207 Ala. 544, 93 So. 583 (headnote 6).

The plaintiff on February 7, 1925, after instituting a contest of the claim of exemption, filed a written demand for the defendant to file a full and complete inventory, under oath, of all of his personal property as the statute (section 7900, Code 1923) permits. Notice of this written demand was served on the defendant on February 7, 1925, and on February 17, 1925, the defendant filed in court an itemized statement, under oath, of his personal property, in an attempt to comply with the written demand of the plaintiff and the statute.

The plaintiff filed written motion to strike this inventory and for judgment of condemnation of the property garnisheed on two grounds: (1) Because the inventory was not filed in court within 10 days after notice of the written demand for it was served on the defendant; and (2) because "the inventory was not legally and properly made, in fact, does not show for what purpose said inventory was filed—said inventory filed on February 17, 1925."

[2] The statute (section 7900, Code 1923) directs "on the plaintiff's written demand" the defendant "shall within ten days, file a full and complete inventory, duly verified by oath, of all his personal property," except what is named in this statute. This written demand for the inventory was made, and notice thereof was served on the defendant on February 7, 1925, and the inventory was filed by the defendant in court on February 17, 1925. This was within the time (10 days) allowed by the statute, under the rule for computing time. Section 13, Code 1923. It was filed within the 10 days. In computing the time within which the inventory must

be filed, the first day, February 7th, must be excluded, and the last day, February 17th, must be included; and, when this rule is followed, it affirmatively appears from the record to have been filed within 10 days from the date of the written demand made by plaintiff on the defendant for it. Section 13, Code 1923, and authorities there cited.

[3] The other ground stated in the motion is too general, and the court will not be placed in error for overruling it. It states no special defect in the inventory. It does not state in what particular it fails to comply with the statute; it should do so. It fails to state in what particular it was "not legally and properly made." McGehee v. Western Union Tel. Co., 169 Ala. 109, 53 So. 205, Ann. Cas. 1912B, 512 (headnotes 5, 8). This statute (section 7900, Code 1923) specially provides:

"If such inventory is not filed within the time prescribed, the plaintiff shall not be required to tender an issue on the claim, but the court must render judgment by default against the defendant, unless good and sufficient cause be shown to the contrary."

[4] The rulings of the trial court will be presumed to be free from error by this court until the contrary affirmatively appears from the record. Beadle v. Davidson, 75 Ala. 494; Sexton v. Harper, 210 Ala. 691, 99 So. 89 (headnote 5); Bailey v. Griffin, 211 Ala. 219, 100 So. 242 (headnote 1).

The trial court did not err in overruling plaintiff's motion to strike the inventory and render judgment of condemnation of the property garnisheed. Authorities supra.

[5] This appeal is on the record proper. It shows no evidence on the issue contesting the claim of exemptions. There is no bill of exceptions. The cause was tried by the court without a jury. With the record in this condition, this court will presume any state of evidence to uphold the rulings and judgment of the trial court. Lamar v. King, 168 Ala. 285, 53 So. 279; Mooneyham v. Herring, 210 Ala. 168, 97 So. 638 (headnote 3).

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.