## WOODSTOCK COTTON MILLS v. GILMER.
### (7 Div. 723.)

Supreme Court of Alabama. May 26, 1927.

1. **Master and servant** ⬅412—Award of compensation for loss of eye, sustained by some evidence is conclusive.

Award of compensation to an employee for loss of eye will not be disturbed, where return to writ of certiorari containing bill of exceptions shows that there was some evidence to sustain finding.

2. **Master and servant** ⬅412—Sufficiency of evidence to sustain award of compensation is assumed, where bill of exceptions does not set out all evidence.

Where bill of exceptions does not set out all the evidence, it will be assumed that there was evidence sufficient to sustain trial court's award of compensation to employee for loss of an eye.

Certiorari to Circuit Court, Calhoun County.

Petition of the Woodstock Cotton Mills for certiorari to the circuit court of Calhoun county, to review the finding and judgment of that court in a proceeding by George W. Gilmer against the petitioner under the Workmen's Compensation Act. Writ denied; judgment affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

R. J. McClure, of Birmingham, for appellant.

The appellate courts will review proceedings in compensation cases based upon the judgment and decree of the trial court, for new trials, vacation of judgments, etc. Continental Gin Co. v. Eaton, 214 Ala. 224, 107 So. 209; Gulf States Steel Co. v. Witherspoon, 214 Ala. 130 106 So. 900. Bills of exceptions will be looked to to determine whether the finding of the court is supported by evidence. Hardisty v. Woodward Iron Co., 214 Ala. 256, 107 So. 837. Where there is injury to a member, the test to be applied is the difference between the amount of the average earnings before and after the accident. Ex parte American, etc., Co., 19 Ala. App. 547, 98 So. 817.

Longshore & Longshore, of Anniston, for appellee.

The appellate courts will not review findings of fact when the bill of exceptions does not contain all the evidence. Shelby Iron Co. v. Cole, 208 Ala. 657, 95 So. 47; Brenard Mfg. Co. v. Cannon, 209 Ala. 626, 96 So. 760; Wright-Nave Co. v. Ala. F. & I. Co., 211 Ala. 89, 99 So. 728.

BROWN, J. By the judgment of the circuit court George Gilmer was awarded compensation, under the Workmen's Compensation Law, for the loss of an eye, computed on the basis of 50 per cent. of his average weekly earnings for a period of 100 weeks; the amount of the award being abated by compensation paid before the filing of the suit. Code of 1923, § 7551(c).

[1, 2] The petitioner's contention here is that the evidence offered on the trial does not sustain the finding made by the trial court that Gilmer "has permanently and totally lost the use of his right eye, within the term and meaning of the Workmen's Compensation Act." This contention cannot be sustained for two reasons:

(1) The return to the writ of certiorari containing the bill of exceptions shows that there was some evidence tending to sustain this finding of fact. Hardisty. v. Woodward Iron Co., 214 Ala. 256, 107 So. 837.

(2) The bill of exceptions does not purport to set out all of the evidence, and it will be assumed that there was evidence sufficient to sustain the trial court. Mooneyham v. Herring, 210 Ala. 168, 97 So. 638.

The same presumption prevails as to the action of the court in disregarding the alleged settlement.

Writ denied, and judgment affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.