(117 So. 34)

## CATTS v. PHILLIPS.  (6 Div. 936.)

Supreme Court of Alabama.  May 10, 1928.

1. **Appeal and error** ⊚⟼837(2)—**Supreme Court will not look to record on former appeal to supply omission from bill of exceptions of contract sued.**

Where contract which is pleaded as foundation of plaintiff's cause of action in special count was omitted from bill of exceptions, *held* that, under Circuit Court Rule 32 (Code 1923, vol. 4, p. 905), Supreme Court is not authorized or justified to look to the record on the former appeal to supply such omission in the bill of exceptions or to ascertain contents of contract.

2. **Assumpsit, action of** ⊚⟼5—**Plaintiff may recover under common counts under claim arising out of special contract, if nothing remains to be done but payment of amount stipulated.**

Though a claim may arise out of a special contract, if the contract has been fully performed by the plaintiff, and nothing remains to be done by defendant, but payment of amount stipulated, plaintiff may recover under common counts.

3. **Brokers** ⊚⟼84(1)—**Burden on plaintiff of proving lease as pleaded in special counts held not to extend to common counts.**

In action for breach of alleged contract whereby plaintiff was to receive royalty on coal mined on securing lessee for mining defendant's coal land, though plaintiff, by setting out lease in hæc verba in special counts assumed burden of proving lease as pleaded, such burden did not extend to common counts, where, as to such counts, existence and terms of lease were merely collateral to main issue.

4. **Appeal and error** ⊚⟼926(1)—**Assignments of error as to admission or rejection of evidence are considered without aid of presumption in respect to giving or refusing charges.**

Assignments of error, based on rulings of court admitting or rejecting evidence, are to be considered without the aid of presumption obtaining in respect to the giving or refusal of charges.

5. **Trial** ⊚⟼68(1)—**Admission of deed offered after both parties had closed and witnesses had been discharged held within trial court's sound discretion.**

Where deed was not offered as evidence until after both parties had closed, and witnesses had been discharged, and defendant contended that deed was executed by married woman without her husband joining, but that, because witnesses were discharged, defendant was unable to prove such facts, *held* that matter of admission or exclusion of deed addressed itself to sound discretion of trial court.

6. **Appeal and error** ⊚⟼1057(1)—**Ruling on admissibility of deed, if error, held without injury, where its only effect would have been to show fact which was brought out on cross-examination, and not disputed.**

Error, if any, in ruling on admissibility of deed, *held* without injury, where only effect of deed, if material, would have been to show fact which was brought out on cross-examination, and not disputed.

7. **Witnesses** ⊚⟼268(3)—**Entire conversation, part of which has been elicited on direct examination, may be called for on cross-examination.**

Where a part of a conversation has been elicited from a witness on direct examination, the opposite party has the right on cross-examination to call for the whole conversation or to inquire into all the facts and circumstances connected therewith, although they may not be admissible as independent testimony.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action by S. W. Catts against E. J. Phillips. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

James J. Ray and R. A. Cooner, both of Jasper, and Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

The lease contract, between Phillips and Dilworth was a collateral fact, and the best evidence was not required. Stearnes v. Edmonds, 189 Ala. 487, 66 So. 714; M. J. & K. C. v. Hawkins, 163 Ala. 565, 51 So. 37; Jones on Evi. (2d Ed.) §§ 202, 203; 1 Greenleaf (13th Ed.) § 89; Woodward Ir. Co. v. Collins, 200 Ala. 553, 76 So. 911. It was not necessary to show the terms of the lease; it was only necessary to show plaintiff had complied with his part of said contract. Where a party brings out a part of a conversation, the other party may call for the remainder. Williams v. State, 103 Ala. 33, 15 So. 662; Drake v. State, 110 Ala. 9, 20 So. 450; Gibson v. State, 91 Ala. 64, 9 So. 171; Dodson v. State, 86 Ala. 60, 5 So. 485. Under the common counts, it was not necessary to introduce the written lease. Moundville Lbr. Co. v. Warren, 203 Ala. 489, 83 So. 479. If the contract has been fully performed except payment, or if breached or prevented of performance by defendant, or abandoned by mutual consent, plaintiff may recover on common counts. Lowy v. Rosengrant, 196 Ala. 337, 71 So. 439.

L. D. Gray, of Jasper, for appellee.

The affirmative charge was properly given for defendant, and, this being true, all other assignments of error would not work a reversal.

BROWN, J.  One phase of the present controversy was presented on a former appeal. Phillips v. Catts, 206 Ala. 594, 91 So. 579. After the remandment of the case on that appeal, the case was transferred to the law docket, and the plaintiff, appellant here, filed a complaint containing counts for breach of contract and the common counts to recover the amount alleged to have accrued under

⊚⟼For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the contract prior to the filing of the original bill.

And on the 23d day of February, 1922, the appellant filed another suit of like character, claiming damages for the breach of the same contract, joining therein the common counts, on account stated, and for money had and received. These cases were, by order of the court, consolidated and tried as one case. The pleas were the general issue, the statute of limitations of three and six years, fraud in the procurement of the contract, and that the coal for which royalties are claimed was not mined on defendant's property, with joinder of issue on all pleas and special replications to pleas 4 and 6.

At the conclusion of the evidence, the court, at the instance of the defendant, directed a verdict through the affirmative charge in writing requested by the defendant, and from the judgment on the verdict of the jury the plaintiff prosecuted this appeal.

The contract, which is pleaded as the foundation of the plaintiff's cause of action in the special counts, and as clearly appears from the record, upon which he relied for recovery under the common counts, as well, to state it in the language of appellant's supplemental brief, "is set out several times in the record in this case, but it does not appear in the bill of exceptions because of the fact that, while the bill states that this Exhibit B was introduced in evidence, and while the witnesses, Catts, Phillips, Dilworth, and Wood, and perhaps others, were examined at length about it, and some of the witnesses read it, yet, by oversight, it was not copied in the bill of exceptions."

As set out in the record here the contract appears as pleaded, not as evidence, and the recital in the bill of exceptions is that "thereupon the plaintiff offered in evidence the contract marked Exhibit B." The appellant's contention now is that on the authority of Hines v. Miniard, 208 Ala. 176, 94 So. 302; W. U. Tel. Co. v. L. & N. R. Co., 199 Ala. 441, 74 So. 946; N. C. & St. L. R. Co. v. Crosby, 194 Ala. 350, 70 So. 7, and Crowson v. Cody, 215 Ala. 150, 110 So. 46; holding that this court will take judicial knowledge of its records, we may look to the record on the former appeal to ascertain the contents of the contract designated in the bill of exceptions as Exhibit B, for the purpose of reviewing the ruling of the trial court involved in giving the affirmative charge for the defendant.

The cases cited are to the general effect that, when the matter is called to the attention of the court in argument or the pleading in the case under consideration, the court will take judicial notice of its records on the former appeal of the same case, or in another case pending on appeal here between the same parties and involving the same subject-matter, to ascertain the issues of law and fact there involved, and the result, and the influ-

ence of such adjudication on the questions presented in the appeal under consideration. See, also, Ala. City G. & A. R. Co. v. Bates, 155 Ala. 347, 46 So. 776; Cogburn v. Callier, 213 Ala. 38, 104 So. 328.

[1] However, the rulings in those cases do not authorize or justify this court to look to the record on the former appeal to supply omission in the bill of exceptions or ascertain the contents of the writing not set out therein. The bill of exceptions does not identify the contract with Exhibit B offered in evidence in the trial of the case on the equity side so as to justify its inclusion in the bill of exceptions by the transcribing officer in preparing the transcript. Parsons v. Woodward, 73 Ala. 348; Kyle v. Gadsden L. & I. Co., 96 Ala. 376, 11 So. 478; Moore v. Helms, 77 Ala. 380. And for this court, on its own initiative, to undertake to supply the omission of the contract from the bill of exceptions by searching the record of the case on former appeal, would be to disregard many of our decisions, in respect to such questions, as well as the rules of practice prescribing the form and contents of bills of exceptions in actions at law, and would result in setting a precedent fraught with such uncertainties as would inevitably lead, not only to embarrassing mistakes, but possibly to irremediable errors—consequences too dangerous to ignore. See rule 32, Circuit Court Practice, Code of 1923 (vol. 4), p. 905; Lamar v. King, 168 Ala. 285, 53 So. 279; Clardy v. Walker, 132 Ala. 264, 31 So. 78; Sanders v. Steen, 128 Ala. 633, 29 So. 586; Fleming v. Ussery, 30 Ala. 282; Mooneyham v. Herring, 210 Ala. 168, 97 So. 638; American Nat. Ins. Co. v. Moss, 215 Ala. 542, 112 So. 110.

While these authorities preclude consideration of the assignments of error based upon the giving of the affirmative charge, that is not to say that it was given without error, but in the light of the presumption indulged, the appellant has failed to properly present the question. Clardy v. Walker, 132 Ala. 264, 31 So. 78; Sanders v. Steen, 128 Ala. 633, 29 So. 78.

[2, 3] Though a claim may arise out of a special contract, if the contract has been fully performed by the plaintiff, and nothing remains to be done by the defendant but the payment of the amount stipulated, the plaintiff may recover under the common counts. Jos. Joseph & Bros. Co. v. Hoffman & McNeill, 173 Ala. 568, 26 So. 216, 38 L. R. A. (N. S.) 924, Ann. Cas. 1914A, 718; Holloway v. Talbot, 70 Ala. 389; Maas & Schwarz v. Montgomery Iron Works, 88 Ala. 328, 6 So. 701. Therefore, assuming that the plaintiff, by setting out the lease between Phillips and Dilworth, in hæc verba, in the special counts, assumed the burden of proving the lease as pleaded (Pharr & Beck v. Bachelor, 3 Ala. 244; Gilmer v. Wallace, 75 Ala. 220; Southern Ry. Co. v. Lee, 167 Ala. 268, 52 So. 648),

yet this burden did not extend to the common counts. As to these counts the existence and terms of the lease between Phillips and Dilworth were merely collateral to the main issue, and it was permissible to show the existence of the lease and the royalties to be paid by the lessee by parol testimony. Stearnes et al. v. Edmonds, 189 Ala. 487, 66 So. 714; Shirley v. Southern R. Co., 198 Ala. 102, 93 So. 430.

[4] When we come to consider the assignments of error based on the rulings of the court admitting or rejecting evidence, they are to be considered without the aid of the presumption obtaining in respect to the giving or refusal of charges. Berow v. Brown, 208 Ala. 476, 94 So. 772; Southern Hdw. & Sup. Co. v. Standard Equip. Co., 165 Ala. 582, 51 So. 789; Bolton v. Cuthbert et al., 132 Ala. 403, 31 So. 358, 90 Am. St. Rep. 914.

In fact, the rule of practice regulating the preparation of bills of exceptions does not require that the evidence be set out in extenso as to such questions, but only sufficient of its tendencies to show that the errors of which the appellant complains were probably prejudicial. Rule 32, supra.

[5, 6] The deed from Mary Wood to the defendant, Phillips, was offered as evidence after both parties had closed, and the witnesses had been discharged. It appears to have been defendant's contention that Mary Wood was a married woman at the time of its execution, and her husband did not join therein; that the deed, though antedating her marriage, was in fact executed after her marriage, and, the witness having been discharged, defendant was unable to prove these facts. Under these circumstances, the matter addressed itself to the sound discretion of the trial court. Centennial Ice Co. v. Mitchell, 215 Ala. 688, 112 So. 239. Yet, if we assume the deed was material, its only effect would have been to show that Mary Wood conveyed the property covered by the Dilworth lease to defendant in April, 1913, and this fact was brought out by the defendant on the cross-examination of plaintiff, and was not disputed. Therefore, if error had intervened here, it was without injury.

One of the contentions of the defendant was that his signature to the contract was procured by fraud by plaintiff, representing that it provided that plaintiff was not to receive a percentage of the royalties on the coal mined under the lease which he aided in procuring, unless the lease carried a royalty of ten cents a ton on one seam and seven cents on the other, and that the contract offered in evidence by the plaintiff did not express the true agreement between the parties.

As tending to sustain this contention, defendant offered Fayette Phillips, a son of the defendant, as a witness, who testified that he had a conversation with the plaintiff in 1915, at Dora, in which plaintiff stated to the witness, "in substance, that he wanted me to see my father and try to get my father to renew a contract that he had with him regarding leasing his lands; * * * that he had asked my father, and he had refused to do so. He stated that, unless he could get him to renew the contract which had expired, that he would lose the expenses that he had had in prospecting the property." On cross-examination plaintiff's counsel asked the witness: "And in that conversation Mr. Catts told you that he had a contract with your father, that your father was to pay him one cent a ton for all coal mined under that lease?" The defendant objected to this question on the ground that it was immaterial, irrelevant, and illegal, and is a self-serving declaration, and the court sustained this objection.

[7] The rule of our decisions is that, where a part of a conversation has been elicited from a witness on the direct examination, the opposite party has the right, on cross-examination, to call for the whole conversation, or to inquire into all the facts and circumstances connected therewith, although they may not be admissible as independent testimony. Nelson v. Iverson, 24 Ala. 9, 60 Am. Dec. 442; Lanier v. The Br. Bank of Montgomery, 18 Ala. 625; Gibson v. State, 91 Ala. 64, 9 So. 171; Drake v. State, 110 Ala. 9, 20 So. 450; Dodson v. State, 86 Ala. 60, 5 So. 485.

We are of opinion, therefore, that the trial court fell into error in sustaining the defendant's objection to the question propounded to the witness Phillips, and that this error must work a reversal of the judgment.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.